■ In the Matter of KENNETH McDONALD, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [629 NYS2d 505] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In January 1994, petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was charged with extortion and threatening a fellow inmate. A tier III disciplinary hearing was held, at the conclusion of which the charges were sustained and a penalty imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination on several grounds, only one of which merits discussion.

During the course of the hearing, the Hearing Officer accidently erased approximately 13 minutes of the taped record of the proceedings, including the majority of the testimony adduced from Maurice Ruffin, one of petitioner's witnesses, as well as some of that furnished by petitioner himself. Upon discovering this gap, the Hearing Officer gave petitioner and Ruffin an opportunity to restate their testimony; each refused to do so, petitioner claiming that he had forgotten what he said, and Ruffin insisting that he had already testified. Petitioner contends he was unduly prejudiced by this omission from the record and that annullment of the resulting determination is warranted as a result.

We are, however, unpersuaded, for even if the gap in petitioner's testimony, and the complete loss of Ruffin's—who, it is asserted, would have testified that the complainant fabricated his claims of having been threatened to secure a transfer from the facility—cannot be considered harmless, petitioner has nevertheless received all of the consideration to which he is lawfully entitled, namely, an opportunity to re-create his defense. In this regard, it bears noting that if a new hearing had been held as a result of the incomplete record (*see, e.g., Matter of Dupree v Scully*, 100 AD2d 966, 967) and Ruffin had refused to testify thereat, the Hearing Officer's "meaningful effort" to persuade him to do so, which was rebuked, would have clearly satisfied the officer's obligation to call witnesses requested by petitioner (*see*, 7 NYCRR 254.5; *Matter of Salcedo v Coughlin*, 197 AD2d 729, 730; *Matter of Maier v Mann*, 187 AD2d 850, 851). In that event, the Hearing Officer would have been fully justified in rendering a decision on the basis of the evidence actually elicited at the second hearing, and we would not hesitate to review the propriety of that resulting decision without regard for what transpired at the first hearing. Thus, inasmuch as the decision rendered herein is, in fact, fully supported by the record evidence, and petitioner had an opportunity to re-present all the proof he could obtain in support of his defense, he is not entitled to annulment of the determination.

Mikoll, J. P., and White, J., concur.

Crew III, J. (dissenting). We respectfully dissent. Even accepting respondents' assertion that petitioner's decision to leave the hearing effectively waived any claim he may have had regarding the failure to electronically record *his* testimony, petitioner presumably had no similar control over Maurice Ruffin. For this reason, we find it difficult to subscribe to the majority's view that petitioner received all the consideration to which he lawfully was entitled, i.e., the opportunity to recreate his defense. Additionally, although this Court previously has declined to annul administrative determinations based upon intermittent gaps in the underlying records (*see, e.g., Matter of Fletcher v Selsky*, 199 AD2d 865, *lv denied* 83 NY2d 753; *Matter of Wynter v Jones*, 135 AD2d 1032), the complete absence of Ruffin's testimony cannot, in our view, fairly be characterized as an "intermittent" gap,* particularly in view of petitioner's allegation that the inmate whom he allegedly threatened had confided in Ruffin of his plan to fabricate charges against petitioner in an effort to gain a transfer to another correctional facility. In short, we believe the absence of such potentially exculpatory testimony—testimony over which petitioner had no direct control—precludes meaningful review of the underlying disciplinary hearing (*compare, Matter of Rodriguez v Coughlin*, 167 AD2d 671).

As to the appropriate remedy, we are mindful that expungement is required only when (1) the determination is not supported by substantial evidence, (2) one of the inmate's fundamental due process rights has been violated, or (3) other equitable considerations warrant expungement rather than remittal for a new disciplinary hearing (*see, Matter of Hillard v Coughlin*, 187 AD2d 136, 140, *lv denied* 82 NY2d 651). Here, in view of the fact that petitioner's penalty apparently has been satisfied, and taking into consideration the amount of time that has elapsed and the potential unavailability of certain witnesses, we believe that expungement is the appropriate remedy (*cf., Matter of Vogelsang v Coombe*, 105 AD2d 913, 914, *affd* 66 NY2d 835). Accordingly, we would annul the determination, grant the petition and direct that all entries in petitioner's record relating to the underlying disciplinary proceeding be expunged.

Spain, J., concurs. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* We are, however, satisfied that the five-minute gap representing the discussion between the Hearing Officer and petitioner regarding certain evidence has been adequately reconstructed.