■ In the Matter of TOMAS MUNIZ, Appellant, v DONALD SELSKY, as Director of the Inmate Disciplinary Program for the

New York State Department of Correctional Services, Respondent. [711 NYS2d 577] —Appeal from a judgment of the Supreme Court (Canfield, J.), entered August 17, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rule which prohibits the unauthorized use of a controlled substance. Contrary to petitioner's contention, the error of transcribing an incorrect test number from the correctional facility's administrative log book to the calibration slip does not, under the circumstances here, constitute reversible error (*see, Matter of Russo v Selsky*, 249 AD2d 738, 739; *Matter of Saldana v Coombe*, 241 AD2d 584). This inadvertent error was subsequently clarified by the testimony of the correction officer who performed the test and recorded the information. Notwithstanding this error, the record establishes that the results of petitioner's urine sample, accurately identified by his department identification number, twice tested positive for the presence of opiates.

We also reject petitioner's assertion that the malfunctioning of the tape recorder requires reversal, especially where, as here, the Hearing Officer recalled a witness and attempted to reconstruct the record (*see generally, Matter of McDonald v Coughlin*, 217 AD2d 770, 771). Finally, a review of the record fails to support petitioner's assertion of Hearing Officer bias.

Mercure, J. P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.