■ In the Matter of James Adams, Petitioner, v Floyd Bennett, as Superintendent of Elmira Correctional Facility, et al., Respondents. [719 NYS2d 618] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

When petitioner's visit with his wife pursuant to the family

reunion program (hereinafter FRP) was terminated and a search of the FRP unit produced a substance that later tested positive for marihuana, petitioner was charged with violating prison disciplinary rules prohibiting the possession of a controlled substance and requiring compliance with FRP procedures. After a tier III hearing, petitioner was found guilty of the charges. We reject petitioner's claim that he was denied the right to call two witnesses. The Hearing Officer concluded that the testimony of the two witnesses would not be relevant, a conclusion supported by the record, and therefore we find no error in the denial of petitioner's request (*see, Matter of James v Goord*, 261 AD2d 733). Inasmuch as the correction officer who conducted the search testified that he retained possession of the substance from the time of discovery until he turned it over to the officer who tested it and the documentary evidence confirms delivery to the testing officer, there is no merit to petitioner's claim of a break in the chain of custody (*see, Matter of Quartieri v Goord*, 251 AD2d 849).

Although the Hearing Officer inadvertently taped over a portion of the testimony of one witness, we reject petitioner's contention that the Hearing Officer erred in refusing to dismiss the charges. Inasmuch as the Hearing Officer offered to recall the witness in an effort to reconstruct the testimony, petitioner received all the consideration to which he was entitled (*see, Matter of McDonald v Coughlin*, 217 AD2d 770). Relying on Department of Correctional Services Directive 4910, petitioner claims that he was deprived of the right to be present during the search of the FRP unit. The directive has no application where, as here, the area searched was not a general confinement housing unit (*see, Matter of Motzer v Goord*, 273 AD2d 559). The determination is supported by substantial evidence and petitioner's arguments provide no basis to disturb it.

Mercure, J. P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.