In the Matter of WILFREDO TORRES, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [777 NYS2d 815]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rule that prohibits the unauthorized possession of a controlled substance. The charge stems from the discovery of a cigarette, which later tested positive for marihuana, in the toilet paper roll in petitioner's cell. Petitioner contends that the determination must be annulled because, among other things, there was no proper foundation for the introduction of the drug test results due to the inadequate chain of custody. He further argues that, because he shared the cell with another inmate, the failure to specify the role he played in possessing the contraband found in a common area of the cell renders the misbehavior report defective.

Inasmuch as petitioner failed to raise any arguments or present any defense at the hearing, his contentions are unpreserved for our review (see Matter of Pabon v Goord, 6 AD3d 833 [2004]; Matter of Lorino v Murphy, 309 AD2d 1037, 1038 [2003]; Matter of McKethan v Selsky, 300 AD2d 714 [2002]). In any event, were we to consider these arguments, we would find no reason to disturb the determination. Despite the time that it took to turn the cigarette over to be tested, the testing documentation establishes an adequate chain of custody from the correction officer who discovered the marihuana cigarette to the correction officer who tested it (see Matter of Martinez v Selsky, 290 AD2d 789 [2002]; Matter of Adams v Bennett, 279 AD2d 919 [2001], lv denied 96 NY2d 712 [2001]). Additionally, there was no indica-

tion or assertion that it could have been confused with another substance (*see Matter of Price v Coughlin*, 116 AD2d 898 [1986]). The test results confirming that the substance was marihuana, together with the misbehavior report, provide substantial evidence to support the determination of guilt (*see Matter of Dawkins v Selsky*, 278 AD2d 649 [2000]). Similarly, the fact that the cigarette was found in an area within petitioner's control, notwithstanding that his cellmate also had access to the area, leads to an inference of possession by petitioner (*see Matter of Fernandez v Stinson*, 251 AD2d 887, 888 [1998]). Furthermore, despite two different contraband slips, only one of which listed the cigarette, the misbehavior report provided petitioner with adequate notice of the charge against him.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.