■ In the Matter of PETER SMITH, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner has failed in his burden of proving that the Hearing Officer was not impartial by virtue of the manner in which he asked petitioner's questions to the witnesses (see, Matter of Nieves v Coughlin, 157 AD2d 943, 944; Matter of Diaz v Coughlin, 143 AD2d 485). In any event, petitioner is not entitled to confront or cross-examine witnesses (see, Matter of Laureano v Kuhlmann, 75 NY2d 141, 146). Furthermore, there is no merit to petitioner's contention that the misbehavior report was constitutionally deficient. Even if the correction officer's signature was improperly missing from petitioner's copy of the misbehavior report, petitioner has shown no prejudice from this as he knew the author of the report by its context, which specifically named the correction officer, and it adequately informed him of the charges against him (see, Matter of Vogelsang v Coombe, 105 AD2d 913, affd 66 NY2d 835). Finally, the testimony of the correction officers and the misbehavior report itself provide substantial evidence to support the conclusion that petitioner's sudden movements could have been viewed as a threat, especially after petitioner had just refused a direct order (see, Matter of Johnson v Coughlin, 157 AD2d 991, 992).

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.