■ In the Matter of VICTOR SERRA, Petitioner, v DONALD SELSKY, as Director of Inmate Disciplinary Program, State of New York Department of Correctional Services, et al., Respondents. [636 NYS2d 462] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Director of Inmate Disciplinary Program which found petitioner guilty of violating a prison disciplinary rule.

As a result of a letter thought to have been written by petitioner, he became the target of an investigation for gang-related activity and the subject of a disciplinary report for engaging in unauthorized organizational activities. Petitioner commenced this proceeding challenging the determination finding him guilty of unauthorized organizational activities for his gang-related activity with the Latin Kings. Contrary to petitioner's contention, the disciplinary report clearly advises petitioner that his prison involvement with the Latin King gang was the basis of the unauthorized organizational activities charge. The confidential testimony and documentary evidence clearly provides the substantial evidence necessary to sustain the determination (*see, Matter of Volgarino v Coughlin*, 173 AD2d 939).

We find no merit to petitioner's procedural contentions. Initially, we observe that they were not preserved at the hearing (*see, Matter of Campanale v Coughlin*, 214 AD2d 902; *Matter of Smith v Coughlin*, 191 AD2d 783, *lv denied* 82 NY2d 653). The failure of a second correction officer witnessing the search of petitioner's cell to sign the misbehavior report was only a technical violation of the regulation from which no prejudice flowed (*see, Matter of Smith v Walker*, 209 AD2d 799, *lv denied* 85 NY2d 807; *Matter of Smith v Coughlin*, 170 AD2d 845). Similarly without merit is petitioner's contention that his punishment was unduly harsh. Petitioner failed to raise any claim of error on his administrative appeal with respect to his penalty (*see, Matter of Lugo v Jones*, 167 AD2d 636). Considering the threat to prison security resulting from gang-related activities, we do not find the severe penalty here to be so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.