(March 20, 1997)

■ In the Matter of SINCERE MCKINLEY, Petitioner, v JAMES STINSON, as Superintendent of Great Meadow Facility, et al., Respondents. [655 NYS2d 669] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In seeking to annul the administrative determination finding him guilty of assault, harassment and making threats, petitioner initially argues that he was improperly denied his right to call a certain inmate as a witness. Having acquiesced to the inmate's refusal to testify, however, petitioner waived his right to judicial review of this issue (*see, Matter of Reynoso v Le Fevre*, 199 AD2d 886, *lv denied* 83 NY2d 754).

We also reject petitioner's contention that the misbehavior report was not timely prepared. The civilian employee who authored the document did not report the incident on the day it occurred because he was a new employee and was uncertain of the procedure he should follow. He discussed the episode the

following day with his supervisor and filed the misbehavior report on that same day. Hence, the misbehavior incident was reported "as soon as practicable" in accordance with the applicable regulatory requirement (see, 7 NYCRR 251-3.1 [a]). Petitioner's remaining arguments bearing on this point are meritless.

In urging that he was denied effective employee assistance, petitioner cites the assistant's failure to interview all 29 inmates present at the time of the incident. Apropos of this argument, we note that the assistant interviewed five inmates as potential witnesses, four of whom actually testified on petitioner's behalf, and that those who claimed to have witnessed the incident all testified in contravention to the misbehavior report's allegations. Inasmuch as the Hearing Officer concluded—not improperly, in our view—that the other inmates' testimony would merely be cumulative, petitioner has not demonstrated how he was prejudiced by the assistant's failure to interview all of the inmates listed on the "call out" sheet (see, Matter of Bryant v Mann, 199 AD2d 676; Matter of Smith v Coughlin, 161 AD2d 1082).

Lastly, nothing in the record supports petitioner's assertion that the Hearing Officer was biased; nor is there any proof that the outcome of the hearing flowed from the alleged bias (see, Matter of Nieves v Coughlin, 157 AD2d 943). Petitioner's remaining claims do not warrant discussion.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.