■ In the Matter of MARVIN J. PITSLEY, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [655 NYS2d 199] —Peters, J. Appeal from a judgment of the Supreme Court (Lewis, J.), entered March 20, 1996 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a State prison inmate, was found guilty of refusing a direct order and interfering with an employee. His administrative appeal was denied and he commenced this CPLR article 78 proceeding seeking to annul the determination. Supreme Court dismissed the petition resulting in this appeal.

Supreme Court's judgment should be affirmed. Contrary to petitioner's contention, the record belies his assertion that he was denied meaningful employee assistance. Every request made to the assistant was addressed. Although petitioner contends that the inmate witnesses interviewed by the assistant were intimidated by the presence of the correction officer who authored the misbehavior report, he never requested any of these witnesses at his hearing. Even if it could be said that petitioner was not provided with "meaningful assistance" (see, Matter of Serrano v Coughlin, 152 AD2d 790), petitioner has failed to establish any prejudice resulting therefrom (see, Matter of Irby v Kelly, 161 AD2d 860). At the hearing, the Hearing Officer offered an adjournment to enable petitioner to call witnesses but petitioner declined the offer. In addition, petitioner offered no proof that the witnesses actually were interviewed in front of the correction officer. He states that it was his coworkers who provided him with this information, but he never requested their testimony nor did he request the assistant's testimony.

Although petitioner contends that the Hearing Officer should have called the correction officer who wrote the misbehavior report, petitioner himself never made such a request. In this regard, we note that a Hearing Officer is not obligated to present an inmate's case for him (see, Matter of Rivera v Coughlin, 179 AD2d 949). Petitioner's remaining arguments have been examined and rejected as either not properly before this Court or as lacking in merit.

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.