■ In the Matter of KEVIN S. WOOD, Petitioner, v DONALD SELSKY, as Director of Special Housing for New York State Department of Correctional Services, et al., Respondents. [658 NYS2d 723] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On October 30, 1995, while an inmate at Elmira Correctional Facility in Chemung County, petitioner submitted a specimen for urinalysis testing, the results of which were positive for the presence of opiates. Following a disciplinary hearing, petitioner was found guilty of violating a prison disciplinary rule prohibiting inmates from using controlled substances. He subsequently commenced this CPLR article 78 proceeding challenging this determination, which was transferred to this Court for review.

Initially, we reject petitioner's claim that he was denied a fair hearing because correction officials violated certain regulations governing urinalysis test procedures by the manner in which they handled his urine specimen. Not only did the testimony and the "Request for Urinalysis Test" form sufficiently establish that there was no break in the chain of custody of petitioner's urine specimen, but the actual drug testing was properly performed pursuant to the applicable procedures (7 NYCRR 1020.4 [e] [1] [ii]-[iv]). Furthermore, there is no requirement, contrary to petitioner's contention, that the specimen be refrozen between the first and second tests (*see*, 7 NYCRR 1020.4 [e] [1] [ii], [iv]).

Likewise, we do not find that petitioner was denied effective employee assistance merely because his assistant did not produce all of the documentation requested. Petitioner's primary complaint is with his assistant's failure to obtain a copy of the "Daily EMIT Drug Detection System Log". Petitioner, however, was provided with a copy of the log of the daily specimen test and, although he claimed that it did not contain information concerning when the specimen was deposited and removed from the freezer, this information was set forth on the "Request

for Urinalysis Test" form. In any event, the log which petitioner sought did not even exist. In view of this, as well as petitioner's failure to demonstrate that his assistant's other alleged omissions prejudiced his defense, we reject his claim (*see, Matter of Pitsley v Senkowski*, 237 AD2d 829, 830; *Matter of McKinley v Stinson*, 237 AD2d 815, 816).

Lastly, upon our review of the record, we find that the administrative determination is supported by substantial evidence. The positive test results were unchallenged by petitioner. Although he claimed that they were attributable to his ingestion of poppy seed bagels prior to giving the specimen, his testimony merely presented an issue of credibility for the Hearing Officer to resolve (*see, Matter of Barreto v Coombe*, 238 AD2d 657). Moreover, petitioner's testimony was contradicted by that of a certified drug testing instructor who stated that petitioner would have had to consume 50 to 60 poppy seed bagels to influence the test results. In view of the above, we decline to disturb the administrative determination (*see, Matter of Bonilla v Coombe*, 221 AD2d 782, *lv denied* 87 NY2d 807).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.