■ In the Matter of JAMES MOLEY, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, Inmate Disciplinary

---

Program for the Department of Correctional Services in New York State, Respondent. [664 NYS2d 843] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule which prohibits the possession of a controlled substance after a search of his cell uncovered a plastic fingertip of marihuana in a pocket of a sweatshirt. The misbehavior report together with the positive test results indicating marihuana provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Gomez v Senkowski,* 242 AD2d 778).

Petitioner's claim that the misbehavior report is defective, because the signatures of two correction officers who witnessed the search of petitioner's cell are missing, is unavailing for petitioner failed to demonstrate that he suffered any prejudice as the result of this technical error (*see, Matter of Serra v Selsky,* 223 AD2d 845; *Matter of Smith v Coughlin,* 170 AD2d 845). And, contrary to petitioner's contention, we find the evidence before the Hearing Officer sufficient to demonstrate that the appropriate procedures were followed in testing the substance for marihuana and, further, that the chain of custody was adequately established (*see, e.g., Matter of Ortiz v Rourke,* 241 AD2d 962, 963; *Matter of Wood v Selsky,* 240 AD2d 876; *Matter of Frazier v Coombe,* 224 AD2d 794, 795).

We also reject petitioner's assertion that he did not receive adequate employee assistance. Although he initially waived employee assistance, at the commencement of the hearing petitioner requested and was provided with assistance; thereafter, he expressed satisfaction with the representation he was furnished (*see, Matter of Parker v Laundree,* 234 AD2d 727, 728). In addition, the record indicates that petitioner was provided with the existing material which he requested and, in any event, he failed to show that he was prejudiced as a result of any alleged inadequacies (*see, Matter of Wood v Selsky, supra,* at 877; *Matter of Johnson v Coombe,* 228 AD2d 755, 756).

Nor was it error for the Hearing Officer to deny petitioner's request to call two unnamed inmate witnesses, inasmuch as their testimony, pertaining to where petitioner was standing when the officers arrived to search his cell, was irrelevant to the charges (*see, Matter of Johnson v Coombe, supra,* at 756).

As for petitioner's unpreserved charge that the Hearing Officer was biased (*see, Matter of Torres v Coombe*, 234 AD2d 710), it too is meritless, for the record reveals that petitioner was afforded a fair and impartial hearing. Those of petitioner's remaining contentions which have been preserved for our review have been examined and found to be unconvincing.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.