■ In the Matter of TIMOTHY DUMPSON, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [679 NYS2d 718] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondents which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit smuggling drugs into the correctional facility and conspiring to possess narcotics. He challenges the determination of his guilt on the ground, *inter alia*, that it was not supported by substantial evidence. We disagree.

Presented in evidence at petitioner's disciplinary hearing was the misbehavior report which recounted that petitioner had been the addressee of an envelope that arrived at the facility, containing a substance which subsequent laboratory testing identified as marihuana. Also in evidence was the testimony of the correction officer who authored the report. He testified that a confidential informant had notified prison authorities that the marihuana would arrive at the facility in the guise of legal mail addressed to petitioner. Further testimony was given by the facility's Superintendent who attested that the confidential informant had a record of reliability and that the legal mail that arrived at the facility, addressed to petitioner, met the description provided by the informant.

We find that the determination under review is supported by substantial evidence (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Parker v Goord*, 247 AD2d 694; *Matter of Seegars v Goord*, 245 AD2d 640, *lv denied* 91 NY2d 811). Petitioner's further contention that the misbehavior report failed to provide him with adequate notice of the disciplinary charges against him is rejected as meritless (*see, Matter of Dumpson v McGinnis*, 247 AD2d 804), as is the contention that the chain of custody of the marihuana confiscated from petitioner's mail was broken before it was tested (*see, Matter of Moley v Selsky*, 245 AD2d 588). The remaining contentions asserted by petitioner have been examined and found to be without merit.

Cardona, P. J., Mikoll, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.