■ In the Matter of JAMES E. CLIFF, Petitioner, v GARY DE CELLE, as Tier Hearing Officer at Clinton Correctional Facility, et al., Respondents. [687 NYS2d 834] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of

the Supreme Court, entered in Clinton County) to review a determination of respondents which found petitioner guilty of violating a prison disciplinary rule.

. Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule which prohibits fighting. Petitioner challenges the determination of his guilt on the ground that it was not supported by substantial evidence. We disagree.

The evidence presented against petitioner at his tier II hearing included the misbehavior report and testimony from a correction officer to the effect that, after a commotion was heard, petitioner was observed standing with clenched fists over another inmate who was lying semiconscious on the floor. This evidence, along with the reasonable inferences to be drawn therefrom, was sufficient to constitute substantial evidence of petitioner's guilt (*see, Matter of Garcia v Goord*, 251 AD2d 887; *Matter of Spencer v Goord*, 245 AD2d 827, *lv denied* 91 NY2d 811). The testimony given by petitioner and the other inmate, that no fight had occurred and that the inmate had slipped and fallen to the floor, merely raised an issue of credibility for resolution by the Hearing Officer (*see, Matter of Ellis v Coombe*, 253 AD2d 945; *Matter of Moore v Goord*, 253 AD2d 921).

Next, there is no merit to petitioner's contention that the denial of an employee assistant at this tier II hearing deprived him of due process. The pertinent prison regulation—7 NYCRR 251-4.1—was amended effective November 5, 1997 (prior to the charged misconduct herein) to remove the provision allowing an inmate confined pending a tier II hearing to select an assistant. Under the amended regulation, assistants are permitted only where inmates are illiterate or non-English speaking, "sensorially disabled", charged with drug use as a result of a urinalysis test, or confined pending a tier III Superintendent's hearing (*see*, 7 NYCRR 251-4.1 [a] [1]-[4]). Also, where a misbehavior report has been issued, the Hearing Officer may—in his or her absolute discretion—allow an inmate to select an assistant if doing so would enable the inmate to adequately comprehend the case (*see*, 7 NYCRR 251-4.1 [b]; *Matter of Johnakin v Racette*, 111 AD2d 579, 579-580). Thus, the prison regulations, which implement an inmate's constitutional rights at disciplinary hearings, do not provide for petitioner's right to an assistant for this tier II hearing (*see*, 7 NYCRR 253.4).

While inmates retain certain due process rights, they are necessarily subject to considerable restrictions (*see, Wolff v McDonnell*, 418 US 539, 556; *see also, Bell v Wolfish*, 441 US 520, 545-547). An inmate's right to assistance has been recognized

to be of a constitutional dimension only where the inmate is illiterate or the complexity of the charges necessitates assistance (*see, Wolff v McDonnell, supra,* at 570). An inmate at a tier II hearing does not face as a penalty the loss of "good time" credit and, at most, faces a loss of privileges and/or confinement of no longer than 30 days (*see,* 7 NYCRR 253.7 [a] [1] [ii]; *cf., Wolf v McDonnell, supra,* at 558 [inmate faced with loss of good time entitled to minimum due process]). In view of the relatively insubstantial nature of the potential deprivation facing a tier II inmate—which does not involve imposition of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" (*Sandin v Conner,* 515 US 472, 484)—the inmate's due process rights are not implicated by denying him or her an assistant.

In any event, we find that petitioner has failed to demonstrate that he suffered any prejudice as a result of the denial of an assistant (*see, Matter of Pitsley v Senkowski,* 237 AD2d 829; *Matter of Rosario v Lacy,* 206 AD2d 583). The Hearing Officer allowed petitioner to present all of the witnesses that he requested and the only documentary evidence that was denied petitioner was either irrelevant or redundant (*see, Matter of Mabry v Coughlin,* 196 AD2d 931, *lv denied* 82 NY2d 664).

Furthermore, we reject petitioner's contention that intermittent gaps in the hearing transcript warrant reversal. "[T]he missing testimony 'is neither material to the determination nor of such significance as to preclude meaningful review' " (*Matter of Torres v Coombe,* 234 AD2d 710, 710-711, quoting *Matter of Rodriguez v Coughlin,* 167 AD2d 671).

We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.