■ In the Matter of ROBERT PORTER, Petitioner, v DAVID L. MILLER, as Superintendent of Eastern Correctional Facility, Respondent. [691 NYS2d 202] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After two urinalysis tests performed on petitioner's urine sample yielded positive results for the presence of cannabinoids, petitioner was found guilty of violating the prison disciplinary rule that prohibits inmates from using controlled substances. Following the determination of guilt and petitioner's unsuccessful administrative appeal therefrom, petitioner commenced this CPLR article 78 proceeding, which subsequently was transferred to this Court.*

Initially, to the extent petitioner raises this argument, we note that the fact that the author of the misbehavior report inadvertantly wrote down the wrong name of the correction officer who witnessed petitioner supply the urine sample was sufficiently explained during petitioner's tier III hearing (*see, Matter of Frazier v Goord*, 251 AD2d 800, 801, *lv denied* 92 NY2d 813). We also note that petitioner's claim that the determination should be annulled because the misbehavior report allegedly listed the wrong rule number was waived due to his failure to raise this challenge at the hearing (*see, Matter of Richardson v Coombe*, 231 AD2d 789, 790). Nevertheless, were this argument properly before us and a discrepancy was established, we would reject it as harmless error inasmuch as the misbehavior report sufficiently informed petitioner of the charge against him to enable him to prepare an adequate defense (*see, Matter of Dumpson v Goord*, 253 AD2d 991, 992). We have examined petitioner's remaining contentions, including his assertion that the Hearing Officer improperly took into account petitioner's prior disciplinary record in assessing the penalty (*see, e.g., Matter of Burgos v Commissioner of N. Y. State Dept. of Correctional Servs.*, 252 AD2d 698, 699), and find them to be without merit.

---

* We note that although the petition appears to raise an issue of substantial evidence, petitioner has not pursued this claim in his brief to this Court. In any event, were it properly before us, we would find such an argument to be unavailing.