■ In the Matter of BLYNN BECK, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit/Inmate Disciplinary Program, New York State Department of Correctional Services, Respondent. [692 NYS2d 764] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule which prohibits inmates from providing unauthorized legal assistance to other inmates. According to the misbehavior report, petitioner wrote a letter and addressed the envelope for another inmate without prior approval to do so. The determination of guilt was affirmed upon administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding, which we now confirm. Although petitioner argued at the hearing that his conduct in writing and addressing a letter reportedly requesting legal forms did not qualify as legal assistance, the envelope was addressed to the clerk for the United States District Court for the Northern District of New York and was marked "legal mail" so that it could not be opened by prison officials. Thus, the misbehavior report, combined with petitioner's own statements at the hearing, provide substantial

evidence of his guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Moreover, while petitioner has failed to preserve his challenge to the sufficiency of the misbehavior report (*see, Matter of Porter v Miller*, 261 AD2d 747), were we to consider it we would find it to be without merit inasmuch as the report adequately apprised petitioner of the charge against him so as to allow him to present a defense (*see, Matter of Faison v Senkowski*, 255 AD2d 625, *appeal dismissed* 93 NY2d 847).

Finally, we have examined petitioner's remaining claim of Hearing Officer bias and, to the extent it has been preserved for appellate review, find it to be unpersuasive (*see, Matter of Tarbell v Senkowski*, 260 AD2d 807).

Cardona, P. J., Mikoll, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.