■ In the Matter of CYRUS McCORKLE, Petitioner, v DONALD SELSKY, as Director of Special Housing, et al., Respondents. [696 NYS2d 85] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing concerning two misbehavior reports, petitioner, a prison inmate, was found guilty of smuggling and possession of weapons in violation of prison disciplinary rules. According to the first misbehavior report, petitioner was observed carrying a pillowcase full of items. The pillowcase was found to contain food that had been taken from the mess hall and a search of petitioner's person produced a metal shank concealed in his pocket. The second misbehavior report was written after a correction officer found a folded can top fashioned into a weapon hidden in petitioner's locker. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt. We confirm.

In our view, the detailed misbehavior reports, combined with petitioner's own statements, provide substantial evidence of his guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Although petitioner offered exculpatory testimony, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of Gonzalez v Selsky*, 253 AD2d 940).

We have examined petitioner's allegations of Hearing Officer bias and find them to be unsubstantiated in the record. In any event, petitioner has failed to demonstrate that the outcome of the hearing flowed from the alleged bias (*see, Matter of Di Rose v Coombe*, 233 AD2d 799). Similarly, although petitioner maintains that his due process rights were violated because of a delay in providing him with the result of his administrative appeal (*see,* 7 NYCRR 253.8), we note that any delay did not cause him "substantial prejudice" (*Matter of Reynoso v Senkowski*, 210 AD2d 709, *lv denied* 85 NY2d 805) in that petitioner timely commenced this proceeding. Petitioner's remaining contentions, including his claim that he was denied the opportunity to call witnesses on his behalf, have been reviewed and found to be lacking in merit.

Mercure, J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.