■ In the Matter of THORNELL HARRIS, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondent. [702 NYS2d 676] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in two separate misbehavior reports with violating certain prison disciplinary rules. The first misbehavior report charged petitioner with possessing a controlled substance. At the hearing on this report, the Hearing Officer noted that there were two copies of this misbehavior report, one stating that the alleged incident occurred on October 21, 1998—the day the substance was found— and the other stating that it occurred on October 22, 1998—the day it was tested. The record reveals that the later report was prepared after petitioner destroyed the original report, and that petitioner conceded at the hearing that the alleged substance was found during a search on October 21, 1998. Thereafter, relying on this misbehavior report and testimony of the correction officer who authored it, the Hearing Officer found petitioner guilty of possessing a controlled substance.*

Petitioner's contention is unavailing that he did not receive adequate inmate assistance because the assistant did not receive a copy of the misbehavior report that alleged the incident occurred on October 21, 1998. Petitioner has failed to demonstrate that any prejudice resulted from his assistant's nonreceipt of that particular copy of the misbehavior report (*see, Matter of Watson v Morse*, 260 AD2d 772), especially where they both possessed at least one copy of the misbehavior report. Further, petitioner, on the record, waived any claim regarding the date discrepancies in the two misbehavior reports, and failed to preserve his challenge to the sufficiency of the misbehavior reports (*see, Matter of Porter v Miller*, 261 AD2d 747). Were we to consider this issue we would find it to

---

* Having raised no substantial evidence claim in his brief, this issue is deemed to have been abandoned by petitioner (*see, Matter of Johnson v Goord*, 260 AD2d 816).

be without merit inasmuch as the report adequately apprised petitioner of the charge against him so as to allow him to present a defense, and the two reports were substantially the same (*see, Matter of Beck v Selsky*, 262 AD2d 831). Petitioner's claim that the Hearing Officer was biased is also unavailing. The hearing transcript reveals that the Hearing Officer informed petitioner of his rights and conducted a fair and impartial hearing. Accordingly, petitioner has failed to show that the outcome of the hearing was the result of any alleged bias (*see, Matter of McCorkle v Selsky*, 264 AD2d 890).

The second misbehavior report charged petitioner with use of a controlled substance. Petitioner contends that there was a break in the chain of custody in regard to the urinalysis test and, therefore, his due process rights were violated. This argument is without merit. The record reveals that the chain of custody was sufficiently documented and that a proper foundation was established for the reliance on the positive test results (*see, Matter of Juzwa v Goord*, 264 AD2d 920).

We also reject petitioner's contention that his disciplinary hearing was not timely completed within 14 days of the writing of the misbehavior report. The 14-day period set forth in 7 NYCRR 251-5.1 (b) is calculated by excluding the day that the misbehavior report is written (*see*, General Construction Law § 20; *Matter of Faison v Senkowski*, 254 AD2d 556). Accordingly, the November 5, 1998 hearing was timely completed within 14 days of the misbehavior report written on October 22, 1998. To the extent that petitioner's remaining contentions have been preserved for our review, they are without merit.

Cardona, P. J., Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.