■ In the Matter of RAYNARD CARAWAY, Petitioner, v VICTOR T. HERBERT, as Superintendent of Attica Correctional Facility, et al., Respondents. [726 NYS2d 825] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules that prohibit violent conduct, assaulting another inmate, possession of a weapon and disobeying a direct order. According to the misbehavior report, petitioner was seen leaving the victim's cell with a three-inch weapon and ignored orders from a correction officer to stop. The victim was found to have suffered a three-inch cut on the side of his face. Notwithstanding the fact that no weapon was ever found, the detailed misbehavior report and testimony presented at the hearing, together with the reasonable inferences to be drawn therefrom, provide substantial evidence to support the determination of guilt (*see, Matter of Davis v Selsky*, 270 AD2d 548; *Matter of Cliff v De Celle*, 260 AD2d 812, 813, *lv denied* 93 NY2d 814). Although the victim contradicted an earlier statement by testifying at the hearing that petitioner was not the one who cut him, this created a credibility issue for the Hearing Officer to resolve (*see, Matter of Primo v Goord*, 266 AD2d 602).

We are unpersuaded by petitioner's assertion that the hearing was not conducted in a fair and impartial manner because he was denied relevant documentary evidence and the right to call witnesses. The information sought by petitioner, including the extent of the victim's injury, was either redundant or irrel-

evant to the charges (*see, Matter of Burse v Goord*, 274 AD2d 678). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.