■ In the Matter of CHARLES R. McDERMOTT, Petitioner, v DONALD SELSKY, as Director of Special Housing, et al., Respondents. [733 NYS2d 267] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Based upon confidential information, petitioner was the subject of a facility mail watch which revealed a substance hidden in inserts within magazines sent in an envelope addressed to petitioner; this method of operation was entirely consistent with the smuggling procedure described in the confidential information. After the substance tested positive for heroin, petitioner was charged with violating the prison disciplinary rules which prohibit smuggling and possession of, or conspiracy to possess, drugs. After a tier III hearing, petitioner was found guilty of the charges.

The detailed misbehavior report and testimony of its author and other witnesses at the hearing, together with the positive test results of the substance found in petitioner's mail and the confidential information submitted for our in camera review, provide substantial evidence to support the determination (*see, Matter of Dumpson v Goord*, 253 AD2d 991). In addition to the detail and coherence of the confidential information provided by independent sources, there was testimony that these sources had provided other information which had proven reliable. Accordingly, there was an ample basis for the Hearing Officer's independent assessment of the credibility of the confidential information (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119-123). Petitioner was properly denied access to the confidential information to avoid jeopardizing the safety of the facility (*see, id.*, at 122-123; *Matter of Green v Coombe*, 234 AD2d 756). In any event, testimony at the hearing revealed the sum and substance of the confidential information while protecting the identity of the sources.

The record discloses that, contrary to petitioner's claim, the chain of custody of the substance found in his mail was established. Petitioner voiced no objection at the hearing with

regard to the foundation for the results of the drug test and, in any event, his claim relating to the test results is without merit. Nor was petitioner deprived of documentary evidence. When petitioner mentioned a special housing unit transfer document, the Hearing Officer questioned its relevance and advised petitioner to raise the issue when the author of the misbehavior report testified, but petitioner failed to do so and also failed to do so later when asked whether he had any procedural objections to the manner in which the hearing had been conducted. We have considered petitioner's remaining arguments and find they do not warrant further discussion.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.