In the Matter of MICHAEL RONCINI, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [795 NYS2d 409]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Fulton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner became involved in a verbal exchange with a correction officer during which he expressed his dislike for the officer and stared at him, and later called him a vulgar name while the officer was handing out commissary sheets. When petitioner learned that he was being placed on cell restriction because of such conduct, he became argumentative, demanded to speak with a sergeant and repeatedly left his cell without permission. Thereafter, petitioner was charged in a misbehavior report with making threats, engaging in verbal harassment, creating a disturbance and refusing a direct order. He was found guilty of two of the charges, engaging in verbal harassment and refusing a direct order, following a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it.

We confirm. The correction officer who authored the misbehavior report testified that petitioner made threatening statements to him and called him a vulgar name while he was passing out commissary sheets. He further stated that, after petitioner was placed on cell confinement, petitioner left his cell without permission to speak with a sergeant. Notably, petitioner admitted that he left his cell three times without permission even though he had been directed to return to his cell and stay there. Petitioner's assertions that he did not know he was sup-

posed to remain in his cell and that the charges were fabricated by the author of the misbehavior report presented credibility issues for the Hearing Officer to resolve (*see Matter of Black v Goord*, 12 AD3d 1005, 1006 [2004]; *Matter of Pryce v Goord*, 281 AD2d 665, 665 [2001]). The hearing testimony, together with the misbehavior report, provided substantial evidence supporting the determination of guilt (*see Matter of Thorpe v Goord*, 13 AD3d 690, 690-691 [2004]; *Matter of Ragin v Goord*, 1 AD3d 842, 843 [2003]). Therefore, we decline to disturb it.

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.