■ In the Matter of SAMUEL DUNWOODY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [799 NYS2d 313]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Superintendent of Elmira Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty after a tier II disciplinary hearing of violating the prison disciplinary rule that prohibits harassment. According to the misbehavior report, petitioner grabbed his genital area and put his hands down his pants while being counseled by a correction facility nurse and then requested that the nurse give him a physical. The nurse then stated three times that the interview was over before petitioner finally left. When no response to his administrative appeal was forthcoming, petitioner commenced this CPLR article 78 proceeding challenging the determination.

Initially, we note that inasmuch as petitioner raises, among other things, an issue of substantial evidence by challenging the veracity of the misbehavior report to support the charge against him, the matter was properly transferred to this Court (*see* CPLR 7804 [g]; *Matter of Hamilton v Selsky*, 13 AD3d 844, 845 [2004]; *Matter of Rodriguez v Goord*, 260 AD2d 736, 736-737 [1999], *lv denied* 93 NY2d 818 [1999]). Furthermore, notwithstanding petitioner's contention that his due process rights were violated because a response to his administrative appeal was not issued within 15 days pursuant to 7 NYCRR 253.8, he has failed to demonstrate any substantial prejudice therefrom requiring annulment of the determination (*see Matter of McCorkle v Selsky*, 264 AD2d 890, 891 [1999]; *Matter of Davis v Bennett*, 256 AD2d 791, 791 [1998]).

Turning to the misbehavior report, we are unpersuaded by petitioner's assertion that the misbehavior report was not issued as soon as practicable (*see* 7 NYCRR 251-3.1 [a]) inasmuch as the nurse waited a few hours before issuing the misbehavior report in order to consult a coworker on how to handle the situation (*see Matter of McKinley v Stinson*, 237 AD2d 815, 815-816

[1997]). As for the determination of guilt, it is supported by substantial evidence in the form of the misbehavior report, authored by the nurse involved in the incident and the testimony at the hearing (*see Matter of Foster v Coughlin,* 76 NY2d 964, 966 [1990]; *Matter of Roncini v Goord,* 18 AD3d 1086, 1087 [2005]). Finally, petitioner's claim that the misbehavior report was fabricated created a credibility issue for the Hearing Officer to resolve (*see Matter of Roncini v Goord, supra* at 1086-1087; *Matter of Green v McGinnis,* 256 AD2d 793, 793 [1998], *lv denied* 93 NY2d 809 [1999]).

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.