■ In the Matter of ANTHONY CAMPISI, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [803 NYS2d 268]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A correction officer observed petitioner in his cell with an altered heating mechanism, consisting of a large coffee can with a hot element and wire going into a plug device, which he apparently used as a hot pot. Petitioner initially refused the officer's order to turn over the item, but ultimately complied and then made a threatening comment as the officer left the area. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order, making threats, possessing an altered item and altering an electrical device. He was found guilty of all charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence, consisting of the misbehavior report and the hearing testimony, supports the determination of guilt (see Matter of Roncini v Goord, 18 AD3d 1086, 1087 [2005]; Matter of Jamison v Goord, 8 AD3d 860, 860 [2004]). Petitioner's claim of retaliation presented a credibility issue for the Hearing Officer to resolve (see Matter of Brown v Goord, 19 AD3d 833, 834 [2005]; Matter of Jamison v Goord, supra at 860). Moreover, we find no merit to petitioner's assertion that the misbehavior report was deficient inasmuch as it contained the necessary information (see 7 NYCRR 251-3.1 [c]) and was sufficiently particular to enable him to prepare a defense (see Matter of Sepe v Goord, 1 AD3d 667, 667 [2003]; Matter of Witherspoon v Goord, 284 AD2d 681 [2001]). Petitioner's remaining contentions are unpersuasive and do not warrant annulment of the determination.

Mercure, J.P., Peters, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.