■ In the Matter of OMAR WILLIAMS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [819 NYS2d 195]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit soliciting sexual acts, making written threats, violating correspondence procedures, smuggling and unauthorized exchange of personal property. According to the misbehavior report, the charges stem from a disciplinary hearing involving a fellow inmate who was charged with various disciplinary violations after he was found to be in possession of a sexually explicit letter. Based upon petitioner's testimony at the disciplinary hearing that the letter belonged to him and that the fellow inmate was holding it until petitioner could get it out of the correctional facility, the charges against the fellow inmate were dismissed and petitioner was issued the instant misbehavior report. At the conclusion of the ensuing disciplinary hearing against petitioner, he was found guilty of unauthorized exchange of personal property, smuggling and making written threats. The determination was modified on administrative appeal by dismissing the charge of making threats, but otherwise affirmed. This CPLR article 78 proceeding ensued.

Initially, we are unpersuaded by petitioner's contention that the misbehavior report was deficient. Although the correction officer who wrote the report did not personally hear petitioner's

testimony at the fellow inmate's disciplinary hearing, he ascertained the facts through a discussion with the Hearing Officer presiding over that disciplinary hearing (*see* 7 NYCRR 251-3.1 [b]; *Matter of Mendez v Goord*, 21 AD3d 1191, 1192 [2005]). Furthermore, the misbehavior report sets forth the relevant dates, time and place of the incident and sufficiently describes the factual basis for the charges to enable petitioner to prepare a defense (*see* 7 NYCRR 251-3.1 [c]; *Matter of Kalwasinski v Goord*, 25 AD3d 1050, 1050-1051 [2006]; *Matter of Campisi v Goord*, 23 AD3d 730, 731 [2005]). In addition, petitioner can demonstrate no prejudice resulting from the fact that the misbehavior report was not endorsed by the Hearing Officer who had firsthand knowledge of petitioner's testimony at the fellow inmate's disciplinary hearing inasmuch as that Hearing Officer testified at the disciplinary hearing under review (*see Matter of Davis v Goord*, 21 AD3d 606, 609 [2005]).

Turning to the merits, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Alvarez v Goord*, 17 AD3d 945, 946 [2005]). Petitioner's contention that the misbehavior report was in retaliation for his testimony at the prior disciplinary hearing, which testimony he now claims was a lie, created a credibility issue for the Hearing Officer to resolve (*see Matter of Davis v Goord, supra* at 609). To the extent that petitioner contends that he was denied documentary evidence, the evidence requested would have been redundant to testimony already presented (*see Matter of Perez v Goord*, 6 AD3d 774, 775 [2004]; *Matter of Lamage v Selsky*, 304 AD2d 1004, 1005 [2003]). Petitioner's remaining contentions, to the extent that they are properly before this Court, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.