In the Matter of MAHMUD KHABIR AL-MATIN, Petitioner, v WILLIAM BROWN, as Superintendent of Eastern Correctional Facility, et al., Respondents. [927 NYS2d 468]—

Petitioner initiated a personal conversation with a female correction officer telling her, among other things, that he felt a connection to her and that he could trust her to keep the conversation private because "[her] eyes said so." The officer ordered petitioner to leave the area and he complied. Petitioner was then charged in a misbehavior report with stalking and harassing an employee. Following a tier III disciplinary hearing, he was found guilty of the charge of harassing an employee only and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the female correction officer who prepared it, provide substantial evidence supporting the determination of guilt (*see Matter of Morusma v Fischer*, 74 AD3d 1675, 1675 [2010]; *Matter of Williams v Fischer*, 69 AD3d 1278, 1278 [2010]). While petitioner relies upon the testimony of other correction officers on duty to establish that the incident could not have occurred as reported because he was working in a different area of the correctional facility at the time, their testimony did not directly contradict that of the author of the misbehavior report and was, therefore, not exculpatory. Moreover, we find no merit to petitioner's challenge to the timeliness of the misbehavior report as there is no requirement that it be prepared the day of the incident (*see* 7 NYCRR 251-3.1 [a]; *Matter of McAllister v Fischer*, 51 AD3d 1159, 1160 [2008]). The report here was prepared the day after the incident and, under the circumstances presented, complied with the requirement that it be written "as soon as practicable" (7 NYCRR 251-3.1 [a]; *see Matter of McKinley v Stinson*, 237 AD2d 815, 815-816 [1997]). Lastly, we reject petitioner's claim that the hearing was not conducted in a fair and impartial manner, and we find nothing in the record to indicate that the determination flowed from any alleged bias on

the part of the Hearing Officer (*see Matter of Chavis v Goord*, 58 AD3d 954, 955 [2009]; *Matter of Evans v Goord*, 41 AD3d 1127, 1128 [2007], *lv denied* 9 NY3d 813 [2007]).

Rose, J.P., Lahtinen, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.