## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  September 15, 2016          522054
_____

In the Matter of RICHARD
    BAILEY,
                    Petitioner,

        v

CHRISTOPHER MILLER, as                MEMORANDUM AND JUDGMENT
    Superintendent of Great
    Meadow Correctional
    Facility,
                    Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., Garry, Egan Jr., Mulvey and Aarons, JJ.

_____

        Richard Bailey, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, was assigned to the facility's kitchen and responsible for preparing a meal for inmates in keeplock on the day of the incident.  After a correction officer discovered that an excessive number of food trays were prepared containing unauthorized food, petitioner was charged in a misbehavior report with smuggling, stealing, possession of contraband and wasting state food.  Following a tier II disciplinary hearing, petitioner was found guilty of the four

charges, and the determination was later affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, photographic evidence and testimony of the report's author who discovered the excessive food trays and unauthorized food, as well as the testimony of the cook, provide substantial evidence supporting the determination of guilt (see Matter of Rizzuto v Eastman, 134 AD3d 1308, 1308 [2015]; Matter of Maddox v Fischer, 105 AD3d 1230, 1230 [2013]; Matter of Arriaga v Smith, 70 AD3d 1160, 1160 [2010]).  We reject petitioner's contention that the misbehavior report did not sufficiently detail his role in the incident.  The report alleges that petitioner was one of the inmates responsible for preparing the food trays for inmates in keeplock who were unable to attend a facility event on that day and specified the excessive number of food trays made and the unauthorized, stolen food items discovered in those trays.  In our view, the misbehavior report provided sufficient detail to discern petitioner's role in the incident so as to afford him an opportunity to prepare a defense (see 7 NYCRR 251-3.1 [c] [4]; Matter of Pequero v Fischer, 122 AD3d 992, 993 [2014]; Matter of Basbus v Prack, 112 AD3d 1088, 1088 [2013]).

Peters, P.J., Garry, Egan Jr., Mulvey and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court