## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 10, 2016                    522052
_____

In the Matter of DENNIS MEEHAN,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____


Calendar Date:   September 20, 2016

Before:   Peters, P.J., Egan Jr., Lynch, Devine and Clark, JJ.

_____


        Dennis Meehan, Fallsburg, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of buprenorphine.  He was found guilty of the charge following a tier II disciplinary hearing.  At the conclusion of the hearing, he was advised that he could take an appeal to the superintendent of the correctional facility within 72 hours.  Petitioner filed an administrative appeal, but the superintendent rejected it and mistakenly informed him that the appeal "must be sent to Special Housing in Albany."  Petitioner

thereafter commenced this CPLR article 78 proceeding.[1]

Initially, petitioner contends that he was deprived of due process as he was improperly denied administrative review of the disciplinary determination given the superintendent's rejection of his appeal. The applicable regulations provide that an appeal from a determination made after a tier II disciplinary hearing is to be addressed to the superintendent of the facility (see 7 NYCRR 253.8) and the superintendent erred in giving petitioner a contrary instruction. Nevertheless, an administrative body's failure to render a decision on an administrative appeal does not necessarily preclude a party from obtaining judicial review of the underlying determination (see e.g. Matter of Furman v Annucci, 138 AD3d 1269, 1270 [2016], lv dismissed 27 NY3d 1188 [2016]; Matter of King v Stanford, 137 AD3d 1396, 1397 [2016]). Petitioner has commenced this CPLR article 78 proceeding to review the subject determination and respondent has not opposed it on the ground that petitioner failed to exhaust his administrative remedies. Rather, respondent has acknowledged the superintendent's error and is treating the determination as if it were administratively affirmed. Accordingly, under these circumstances, petitioner has suffered no prejudice (see Matter of Dunwoody v Goord, 20 AD3d 833, 834 [2005]), and there has been no due process violation.

Petitioner also contends that he was improperly denied the right to call as a witness a representative from the manufacturer of the testing equipment. We find this claim to be unavailing inasmuch as the Hearing Officer attempted to obtain this testimony, but the manufacturer refused to make a witness available to testify at the disciplinary hearing (see Matter of Timmons v Annucci, 139 AD3d 1224, 1224 [2016], lv denied 28 NY3d 903 [2016]; Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]).

---

[1] Although the petition did not raise the issue of substantial evidence and the proceeding was improperly transferred, we nevertheless retain jurisdiction in the interest of judicial economy (see Matter of Toliver v New York State Dept. of Corr. & Community Supervision, 127 AD3d 1536, 1537 n 1 [2015]).

Likewise, petitioner was not improperly denied test documentation from other correctional facilities that was irrelevant to the charge against him (see Matter of Henderson v Fischer, 98 AD3d 1162, 1163 [2012]). We have considered petitioner's remaining arguments, to the extent that they are properly before us, and find them to be unpersuasive.

Peters, P.J., Egan Jr., Lynch, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court