Matter of Williams v Keyser (2019 NY Slip Op 02769)





Matter of Williams v Keyser


2019 NY Slip Op 02769


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

527207

[*1]In the Matter of KASIEM WILLIAMS, Petitioner,
v
WILLIAM F. KEYSER, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date: March 15, 2019

Before: Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ.


Kasiem Williams, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an inmate, was charged in a misbehavior report prepared by a female facility employee with stalking, interfering with an employee, harassment and refusing a direct order. According to the report, over the course of several weeks, petitioner was seeking out the employee in the gym and prison hallways attempting to engage her in conversation, despite the employee's repeated dismissal of his attempts. Petitioner also approached the employee in the gym one day and asked her for her personal telephone number. The employee refused and told petitioner to leave her area. Petitioner initially refused to leave, telling her that "there is something special about [her]" and that "we can be friends on the outside," but, after several more orders to leave, he eventually complied. Following a tier II disciplinary hearing, he was found guilty as charged and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Credell v Hurt, 167 AD3d 1113, 1114 [2018], lv denied ___ NY3d ___ [Mar. 28, 2019]; Matter of Green v Kirkpatrick, 165 AD3d 1375, 1376 [2018], lv denied ___ NY3d ___ [Mar. 28, 2019]). Contrary to petitioner's contention, the misbehavior report was sufficiently detailed to put him on notice of the charges against him and allow him to prepare a defense (see Matter of Rodari v Annucci, 166 AD3d 1188, 1188 [2018]; Matter of Ortiz v Annucci, 163 AD3d 1383, 1384 [2018]). Although petitioner claims that the misbehavior report is defective because the initial copy of the report provided to him was not signed by the employee, he admitted at the hearing that he was [*2]subsequently provided with another copy that was signed and he has not shown any prejudice resulting therefrom (see Matter of Smith v Coughlin, 170 AD2d 845, 845 [1991]).
Petitioner also contends that he was deprived of his right to call witnesses and present documentary evidence in his defense. At the commencement of the hearing, petitioner requested several witnesses, including his alcohol and substance abuse treatment counselor and any infirmary officer to establish that he was not stalking the employee. He later withdrew his request for his counselor to testify and all of his other requested witnesses testified except for an infirmary officer. Petitioner also requested sign-in sheets from both the treatment program and the infirmary to establish that he was not stalking the employee. To the extent preserved, because petitioner was not accused of stalking the employee on any particular date or time, the requested witness and sign-in sheets were not relevant. Moreover, petitioner admitted during his testimony that he was in the gym on the date and at the time that the employee alleged that he asked her for her phone number. Therefore, petitioner was not denied the right to submit or review relevant evidence (see Matter of Amaker v Boyd, 162 AD3d 1418, 1419 [2018]; Matter of Jones v Fisher, 102 AD3d 1025, 1026 [2013]), nor has he established any prejudice as a result of not being provided with this evidence (see Matter of Reyes v Keyser, 150 AD3d 1502, 1505 [2017]; Matter of Alvarez v Goord, 243 AD2d 973, 975 [1997]). Finally, there are no gaps in the hearing transcript that are so significant as to preclude meaningful review (see Matter of Robinson v Lee, 155 AD3d 1169, 1171 [2017]; Matter of Ramos v Venettozzi, 153 AD3d 1075, 1076 [2017], lv denied 31 NY3d 906 [2018]). Petitioner's remaining claims have been considered and found to be without merit.
Egan Jr., J.P., Clark, Devine, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.