Matter of Ayuso v Graham (2019 NY Slip Op 08316)





Matter of Ayuso v Graham


2019 NY Slip Op 08316


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1052 TP 18-01054

[*1]IN THE MATTER OF MARCUS AYUSO, PETITIONER,
v
SUPERINTENDENT H. GRAHAM, RESPONDENT. 






MARCUS AYUSO, PETITIONER PRO SE.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered May 31, 2018) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination, following a tier II disciplinary hearing, that he violated inmate rules 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]) and 116.13 (7 NYCRR 270.2 [B] [17] [iv] [vandalism or possession of stolen property]). Contrary to petitioner's contention, the misbehavior report and the testimony of a civilian employee of the correctional facility with personal knowledge of the facts provide substantial evidence to support the determination that petitioner violated those inmate rules (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]).
We reject petitioner's further contention that he was deprived of due process by respondent's purported failure to render a determination on petitioner's administrative appeal, which is based on the fact that respondent did not check any box on the determination of that appeal indicating the disposition thereof. "[A]n administrative body's failure to render a decision on an administrative appeal does not necessarily preclude a party from obtaining judicial review of the underlying determination" (Matter of Meehan v Annucci, 144 AD3d 1278, 1279 [3d Dept 2016]). Here, a full reading of respondent's determination on the administrative appeal demonstrates that he rejected petitioner's contentions with respect thereto and that the underlying determination was therefore, in effect, administratively affirmed. Even assuming, arguendo, that respondent's ministerial error in failing to state the disposition on the administrative appeal constituted a failure to render a decision, we note that respondent does not assert that petitioner failed to exhaust his administrative remedies as a defense to this proceeding (cf. Matter of DePonceau v Fischer, 93 AD3d 1040, 1041 [3d Dept 2012], appeal dismissed 19 NY3d 897 [2012]; see generally Matter of Koch v Sheehan, 95 AD3d 82, 86 [4th Dept 2012], affd 21 NY3d 697 [2013]). We therefore conclude that petitioner has not sustained any prejudice from the ministerial error (see Meehan, 144 AD3d at 1279).
Finally, petitioner contends that the underlying determination is arbitrary and capricious. By failing to raise that contention during the administrative hearing, however, petitioner did not preserve it for our review (see Matter of Allah v Fischer, 118 AD3d 1507, 1507 [4th Dept 2014]), and because he did not raise it in his administrative appeal, petitioner did not exhaust his administrative remedies with respect to that contention (see Matter of Stewart v Fischer, 109 AD3d 1122, 1123 [4th Dept 2013], lv denied 22 NY3d 858 [2013]). This Court therefore has no discretionary power to reach it (see Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court