Matter of Wilson v McCarthy (2025 NY Slip Op 01417)

Matter of Wilson v McCarthy

2025 NY Slip Op 01417

Decided on March 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 13, 2025

CV-24-0766
[*1]In the Matter of Joseph Wilson, Petitioner,
v
Kevin McCarthy, as Superintendent of Elmira Correctional Facility, Respondent.

Calendar Date:February 7, 2025

Before:Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Joseph Wilson, Stormville, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with smuggling, possessing contraband, refusing a direct order and harassment. According to the misbehavior report, petitioner was observed attempting to hide various food items in his net bag with the intent of smuggling the items back to his block. Upon being directed to empty his net bag, petitioner replied "F**k this s**t, I don't need this bulls**t job" and then dumped the bag on the ground. The food was then given to the civilian cooks, who had to discard it as unusable. Following a tier II disciplinary hearing, the charge of harassment was dismissed, and petitioner was found guilty of smuggling, possessing contraband and refusing a direct order. This CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Bailey v Miller, 142 AD3d 1206, 1207 [3d Dept 2016]; Matter of Accardi v Goord, 34 AD3d 945, 946 [3d Dept 2006]). Any alleged minor inconsistencies between the misbehavior report and testimony presented a credibility determination for the Hearing Officer to resolve (see Matter of Brown v Fischer, 72 AD3d 1320, 1321 [3d Dept 2010]).
Turning to petitioner's procedural claims, he contends that he was deprived of due process because respondent failed to render a decision on petitioner's administrative appeal. The applicable regulations provide that an appeal from a determination made after a tier II disciplinary hearing is to be addressed to the superintendent of the facility (see 7 NYCRR 253.8). "[A]n administrative body's failure to render a decision on an administrative appeal does not necessarily preclude a party from obtaining judicial review of the underlying determination" (Matter of Meehan v Annucci, 144 AD3d 1278, 1279 [3d Dept 2016]). "Petitioner has commenced this CPLR article 78 proceeding to review the subject determination and respondent has not opposed it on the ground that petitioner failed to exhaust his administrative remedies. Rather, respondent has acknowledged the superintendent's error and is treating the determination as if it were administratively affirmed" (id.). Accordingly, petitioner has suffered no prejudice, and there has been no due process violation (see id.; Matter of Dunwoody v Goord, 20 AD3d 833, 834 [3d Dept 2005]). "Petitioner was not denied due process because the contraband was destroyed prior to the hearing where the record demonstrates that such was done not in bad faith, but rather for hygienic purposes" (Matter of Tafari v Selsky, 77 AD3d 991, 991 [3d Dept 2010] [citations omitted], lv denied 16 NY3d 706 [2011]). To the extent that petitioner's [*2]remaining contentions are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.