■ In the Matter of CLIFFORD HOWARD, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of Department of Correctional Services, et al., Appellants.—Judgment unanimously affirmed. Memorandum: Petitioner was an inmate at the Auburn Correctional Facility when, on the morning of April 16, 1991, inmate Roberto Martinez was fatally stabbed.

Three days later petitioner was charged with violating prison disciplinary rules prohibiting the commission of any Penal Law offense (7 NYCRR 270.2 [A]), violent conduct (7 NYCRR 270.2 [B] [5] [ii]) and assault upon another inmate (7 NYCRR 270.2 [B] [1] [i]). At the conclusion of the hearing, the Hearing Officer found petitioner guilty of all charges and imposed penalties. Following an unsuccessful administrative appeal, petitioner brought an article 78 petition challenging the legality of the determination.

Supreme Court properly granted the petition on the ground that petitioner was not provided with a misbehavior report complying with 7 NYCRR 251-3.1 (c) (3), which requires that the report include "the date, time and place of the incident." The misbehavior report served upon petitioner incorrectly identifies the date of the incident as April 19. "[I]t is fundamental that the Commissioner must follow his own regulations" *(Matter of Bryant v Coughlin,* 77 NY2d 642, 647). Because the misbehavior report fails to comply with the regulation, the determination was properly annulled.

We reject respondents' contention that the petition was improperly granted because petitioner was not prejudiced by the inaccurate date on the misbehavior report. The regulation requiring the misbehavior report to include the specific time and location of the incident is designed to safeguard an inmate's due process right to advance notice of the alleged violation; that report must be sufficiently detailed to afford an opportunity for preparing a defense *(see, Matter of McCleary v LeFevre,* 98 AD2d 866, 868; *see generally, Wolff v McDonnell,* 418 US 539; *Matter of Ross v Lord,* 172 AD2d 527; *Matter of Massop v LeFevre,* 127 Misc 2d 910). Petitioner's assistant, with the aid of the inaccurate misbehavior report, interviewed potential witnesses regarding an alleged incident that occurred on April 19 rather than April 16. Nearly all of the inmate witnesses refused to testify on the ground that they did not know enough about the incident to provide relevant testimony. Thus, the Commissioner's failure to follow his own regulations seriously prejudiced petitioner's ability to prepare his defense.

Petitioner raised his objection to the defective misbehavior report in his administrative appeal, when he first became aware of the error. It was not necessary for petitioner to object prior to his administrative appeal, "as it was not shown that he made a knowing and intelligent waiver of his rights" *(Matter of Garcia v LeFevre,* 64 NY2d 1001, 1003).

We agree with Supreme Court's conclusion that expunge-

ment of the charges is the appropriate remedy *(see, Matter of Vogelsang v Coombe,* 105 AD2d 913, 914-915, *affd* 66 NY2d 835).* (Appeal from Judgment of Supreme Court, Cayuga County, Corning, J.—Article 78.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.