■ In the Matter of FLOYD COWART, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [597 NYS2d 821] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review two determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was served with two misbehavior reports charging him with violation of prison disciplinary rules, one charging violation of a rule prohibiting possession of contraband and the other charging violation of rules against assault, fighting, possession of a weapon and failing to obey a direct order. These reports were issued as a result of an altercation between inmates during which petitioner allegedly failed to obey an order to stop fighting and was seen using a "shank" to attack another inmate, after which petitioner was found to possess a cardboard sheath strapped to his forearm. Following separate Superintendent's hearings, petitioner was found guilty of all charges.

Petitioner contends that the Hearing Officer was biased and that he was denied adequate employee assistance and his right to submit documentary evidence on his behalf. Initially, we find that petitioner waived his argument that the Hearing Officer was not impartial because of involvement in the matter at issue by failing to raise it at the tier III hearing (see, Matter of Blackshear v Coughlin, 185 AD2d 493; Matter of McClean v LeFevre, 142 AD2d 911). In any event, the Hearing

Officer's tangential involvement in the matter did not disqualify him from acting as Hearing Officer *(see,* 7 NYCRR 254.1; *Matter of Blackshear v Coughlin, supra; Matter of O'Neal v Coughlin,* 162 AD2d 826).

Petitioner also contends that the Hearing Officer improperly relied upon off-the-record information in finding him guilty of possession of contraband. In making that finding the Hearing Officer stated that petitioner was searched immediately following an incident in which two other inmates were cut or stabbed, although that information does not appear in the record of the hearing on this charge. Documentation supporting this finding was clearly made available to petitioner, however, as he was provided one employee assistant to assist him in preparing his defense of the charges in both misbehavior reports and requested and received copies of reports filed by correction officers involved in the incidents.

We do find, however, that annulment is required because petitioner was denied his right to present relevant documentary evidence in his behalf. Petitioner contends that he was not supplied with certain reports that he requested concerning the incident. While the record reveals that he was supplied with some of these reports, petitioner has produced other reports that he alleges were not provided to him at the time of the hearings. Although respondents state that these reports related to other inmates and petitioner was not entitled to them, a review of the documents in question reveals that they concern the incident in question and refer to petitioner's activities. They were therefore relevant to his defense *(see, Matter of Hodges v Scully,* 141 AD2d 729, 730) and should have been provided absent a finding by the Hearing Officer that disclosure would be unduly hazardous to institutional safety or correctional goals *(see, Matter of Hillard v Coughlin,* 187 AD2d 136; *see also, Wolff v McDonnell,* 418 US 539, 566). This error requires that the matter be remitted for a new hearing *(see, Matter of Taylor v Coughlin,* 190 AD2d 900). In view of our decision, we do not reach petitioner's other contentions.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determinations are annulled, without costs, and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.