■ In the Matter of DONALD DAVIS, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents. [607 NYS2d 172] —White, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered July 20, 1992 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating several prison rules in a tier II hearing and a subsequent tier III hearing. Following unsuccessful administrative appeals, petitioner commenced this CPLR article 78 proceeding challenging the legality of the determinations. Respondents moved to dismiss the petition on the ground that petitioner had not exhausted his administrative remedies. When it became evident that he had, Supreme Court directed respondents to reply to the arguments

raised in the petition. Respondents did so and Supreme Court ultimately dismissed the petition.* This appeal ensued.

Petitioner's sole challenge to the tier II determination is that the Hearing Officer was biased and unfair. We find this claim meritless because our examination of the record does not disclose any evidence of bias on the Hearing Officer's part or any proof that the outcome of the hearing flowed from the alleged bias *(see, Matter of Williams v Coughlin,* 190 AD2d 883, *lv denied* 82 NY2d 651; *Matter of Nieves v Coughlin,* 157 AD2d 943).

Petitioner's challenge to the tier III determination predicated on 7 NYCRR 251-3.1 (c) (3), which provides that a misbehavior report must set forth the date, time and place of the incident, is more substantial. Although it is not necessary under this regulation to itemize in evidentiary detail all aspects of the case *(see, Matter of Turner v Coughlin,* 162 AD2d 781, 782), the report must be sufficiently detailed to afford the inmate the opportunity to prepare a defense *(see, Matter of Howard v Coughlin,* 190 AD2d 1090, 1091). Here, the report charged petitioner with violating the prison rules prohibiting inmates from verbally interfering with an employee, verbally harassing employees and making false statements. The report sets forth 10 incidents of allegedly harassing behavior engaged in by petitioner; however, the dates and times or even the period of time within which the alleged incidents took place are not indicated. Accordingly, we find that the report did not comply with 7 NYCRR 251-3.1 (c) (3). Because it is fundamental that respondent Commissioner of Correctional Services must follow his own regulations *(see, Matter of Bryant v Coughlin,* 77 NY2d 642, 647), Supreme Court should have annulled the tier III determination *(see, Matter of Howard v Coughlin, supra).*

Finally, we perceive no error in Supreme Court's dismissal of petitioner's claim that he is receiving inadequate medical care on the ground that he has not pursued the administrative remedies set forth in 7 NYCRR part 701 *(see, Matter of Patterson v Smith,* 53 NY2d 98).

Cardona, P. J., Mikoll, Crew and Weiss, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by annulling the tier III determination; the charges contained

---

* We note that Supreme Court should have transferred petitioner's claims that the determinations were not supported by substantial evidence and were affected by bias to this Court *(see, Matter of Afrika v Edwards,* 160 AD2d 1212; *see also,* CPLR 7804 [g]).

in the misbehavior report dated February 26, 1992 are expunged from petitioner's institutional records; and, as so modified, affirmed.