■ In the Matter of HENRY GATSON, Petitioner, v DONALD SELSKY, as Director of the Department of Correctional Ser-

vices, Special Housing/Inmate Disciplinary Program, Respondent. [632 NYS2d 693] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty, after a disciplinary hearing, of violating a prison disciplinary rule prohibiting the use of controlled substances. Even though the positive results of a drug test, confirmed with the results of a second test, provide substantial evidence supporting respondent's determination (*see, Matter of Lahey v Kelly*, 71 NY2d 135, 138), petitioner contends that it should be annulled due to respondent's failure to comply with 7 NYCRR 1020.4 (e) (1) (ii), which provides in relevant part that "[a] log book shall be kept in the vicinity of the refrigerator/freezer, and each person accessing the specimens shall note his name, the date, and the time of each such access".

Petitioner contends that he was prejudiced by respondent's undisputed failure to maintain a refrigerator log book as it could have provided relevant evidence substantiating his claim that the testing officers may have confused his urine sample with one of the 11 samples that were tested at the same time as his. We reject petitioner's argument since all of the chain of custody information that would have been included in the refrigerator log book was recorded on the "request for urinalysis test" form that was provided to petitioner at the hearing (*see, Matter of Adorno v Coughlin*, 216 AD2d 615). Therefore, since petitioner has not cited any evidence adduced at the hearing substantiating his claim that his specimen could have been confused with other samples, we shall dismiss the petition (*see, Matter of Curry v Coughlin*, 175 AD2d 970; *Matter of Price v Coughlin*, 116 AD2d 898, 899).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.