■ In the Matter of RAYMOND TORRES, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [651 NYS2d 642] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondents which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, challenges an administrative determination finding him guilty of violating prison rule 101.10 (7 NYCRR 270.2 [B] [2] [i]) by attempting to coerce two other inmates to engage in sex acts with him. Petitioner's numerous assertions of error lack merit and do not warrant extended discussion. First, although not setting forth the precise times, dates and locations of petitioner's conduct, the factual allegations of the misbehavior report were sufficient to inform petitioner of the specific charge against him and enable him to prepare a defense (*see, Matter of Martin v Coughlin*, 173 AD2d 1039).

Next, the claims of inadequate employee assistance and bias on the part of the Hearing Officer were not preserved for our review by timely objection at the time of the hearing (*see, Matter of Giakoumelos v Coughlin*, 192 AD2d 998, *lv denied* 82 NY2d 658; *Matter of Shaffer v Leonardo*, 179 AD2d 980, *lv denied* 79 NY2d 758) and are unsupported by the record in any event. We are also unpersuaded that intermittent gaps in the transcript require reversal where, as here, the missing testimony "is neither material to the determination nor of

such significance as to preclude meaningful review" (*Matter of Rodriguez v Coughlin*, 167 AD2d 671).

Finally, our in camera review discloses that the confidential informant's testimony was sufficiently detailed and specific to furnish an objective basis for determining its credibility (*see, Matter of Scott v Coombe*, 228 AD2d 996). That testimony, together with the misbehavior report and other evidence in the record, provide an ample evidentiary basis for the determination of guilt (*see, Matter of Otero v Coughlin*, 225 AD2d 841).

Cardona, P. J., White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.