■ In the Matter of JEROME THOMPSON, Petitioner, v PHILIP COOMBE, JR., as Commissioner of New York State Department of Correctional Services, et al., Respondents. [660 NYS2d 69] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following his apprehension in July 1995, petitioner was served with a misbehavior report charging him with violating temporary release rules and absconding from a temporary release program on December 21, 1994 at approximately 1:20 A.M. At the conclusion of the disciplinary hearing that followed, at which he declined to call any witnesses, petitioner was found guilty of these charges. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the underlying determination.

Initially, we reject petitioner's contention that the misbehavior report, which recites that petitioner failed to report back to his assigned location as of 1:20 A.M. on December 21, 1994, is inaccurate. Even crediting petitioner's testimony that he was in fact present as of 1:20 A.M. on that date, petitioner admitted that he indeed was absent from the temporary release program from December 21, 1994 through July 18, 1995. Any dispute regarding the precise hour at which he absconded does not affect his admission in this regard, and the defect, if any, in the

---

misbehavior report regarding the hour at which he was discovered missing did not prejudice petitioner, as he was not deprived of either notice of the charges against him or the opportunity to prepare a defense (see generally, Matter of Torres v Coombe, 234 AD2d 710 [failure to set forth precise times, dates and locations of the petitioner's conduct not fatal]; compare, Matter of Davis v Coughlin, 200 AD2d 904).

For similar reasons, we reject petitioner's claim that he was denied access to certain documents maintained by the facility from which he absconded. As a starting point, petitioner did not specifically request the facility log books, which purportedly would have revealed that he was present at 1:20 A.M. on the day in question. Additionally, even assuming that petitioner's statement at the disciplinary hearing could reasonably be construed as a request for such documents, the mere fact that petitioner may have been present at 1:20 A.M. on December 21, 1994 is of no moment given his admission that he was absent from the facility for a seven-month period beginning on that date.

Finally, having failed to raise a timely objection at the hearing, petitioner's claim of bias on the part of the Hearing Officer has not been preserved for our review (see, Matter of Torres v Coombe, supra) and, in any event, the record reveals that petitioner received a fair and impartial hearing. Petitioner's remaining contentions, including his assertion that the determination is not supported by substantial evidence, have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.