■ In the Matter of LEROY HODGES, Petitioner, v ROBERT J. MURPHY, as the Department of Correctional Services Disciplinarian, et al., Respondents. [667 NYS2d 515] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating a prison disciplinary rule prohibiting threats (*see*, 7 NYCRR 270.2 [B] [3] [i]). The charge stems from statements in a document to, among others, Great Meadow Correctional Facility in Washington County signed by petitioner and several other inmates wherein they threatened to "blow up [the facility] like a Thermonuclear Bomb". The letter also references a repeat of a past prison riot of known severity in the event they did not receive the requested assistance. Substantial evidence presented at the hearing, including, *inter alia*, the detailed misbehavior report, the document signed by petitioner and investigative reports, supports the determination (*see, Matter of Mays v Goord*, 245 AD2d 610).

We reject petitioner's contention that he was denied his right to call an inmate witness. Despite the Hearing Officer's failure to personally interview the inmate, we find that the testimony of the correction officer who spoke with the inmate was sufficient to evaluate the authenticity of the inmate's refusal to testify or sign the refusal to testify form (*see, Matter of Boyd v Coughlin*, 220 AD2d 913, 913-914). Similarly, we reject petitioner's contention that he was denied documentary evidence inasmuch as that portion of the investigation report which was withheld from petitioner related to other inmates and its release was found to be hazardous to the institutional safety or correctional goals (*see, e.g., Matter of Hillard v Coughlin*, 187 AD2d 136, 139, *lv denied* 82 NY2d 651; *cf., Matter of Cowart v Coughlin*, 193 AD2d 887). In any event, the investigation report was made part of the record and contains no evidence exonerating petitioner of his guilt. Petitioner's remain-

ing contentions have been reviewed and are found unpersuasive.

Cardona, P. J., Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.