■ In the Matter of PAUL QUARTIERI, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [674 NYS2d 807] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule which prohibits inmates from using controlled substances after a urinalysis performed at the prison facility resulted in positive readings for opiates and more specialized tests performed at an independent laboratory identified the opiate as morphine. The facility pharmacist and a representa-

tive from the company that manufactured the urinalysis technology testified that petitioner's medication would not produce positive results for opiates. This proof, coupled with the positive test results indicating that the opiate in petitioner's urine was morphine rather than the type of opiate purportedly contained in his medication, provides substantial evidence to support the determination of guilt (see, Matter of Nina v Coombe, 233 AD2d 658; Matter of Garcia v New York State Dept. of Correctional Servs., 232 AD2d 697). Moreover, sending petitioner's urine sample to an independent laboratory for testing was permissible inasmuch as the prison facility lacked the sophisticated testing apparatus necessary to distinguish the opiate-based substances present in petitioner's medication from illicit opiates (see, 7 NYCRR 1020.4 [e] [2]). Although the handling of petitioner's urine sample with respect to its delivery to the independent laboratory was not properly documented (see, 7 NYCRR 1020.4 [e] [2] [i]), we nevertheless reject petitioner's argument that the chain of custody was flawed in view of the correction officer's testimony that he took the sample from the secured freezer and delivered it to the laboratory, which delivery is confirmed by the laboratory's documented receipt of the sample (see, Hardie v Russi, 234 AD2d 773). Finally, we find that the decision to order petitioner to submit his urine in two separate containers does not offend the procedures outlined in 7 NYCRR 1020.4. We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.