■ In the Matter of DANIEL TORRES, Appellant, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [691 NYS2d 210] —Peters, J. Appeal from a judgment of the Supreme Court (Toracca, J.), entered February 13, 1998 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondent's determination finding petitioner guilty of violating a prison disciplinary rule.

Petitioner contends that the misbehavior report, which charged him with violating the prison disciplinary rule prohibiting assaults on other inmates, does not contain sufficient particulars to comply with 7 NYCRR 251-3.1. The regulation does not require that the report itemize in evidentiary detail all aspects of the case (*see*, *Matter of Rodriguez v Coombe*, 234 AD2d 663, 664). A misbehavior report is sufficient if it contains the date, time and place of the offense, identifies the disciplinary rule alleged to have been violated and specifies the factual basis for the charge with enough particularity to enable the inmate to prepare a defense (*see*, *Matter of Couch v Goord*, 255 AD2d 720, 721-722). The misbehavior report in this case complies with these requirements. The act of assaulting another inmate, as petitioner was alleged to have done, is itself sufficient to constitute a violation of the disciplinary rule identified in the report (*see*, 7 NYCRR 270.2 [B] [1] [i]) and, therefore, there was no need to notify petitioner of the specific role he was alleged to have played (*see*, *Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123).

Petitioner also argues that his right to prepare a defense was violated by the Hearing Officer's refusal to allow petitioner any access to the unusual incident report and memoranda concerning the assault. Absent a finding by the Hearing Officer that disclosure would be unduly hazardous to institutional safety or correctional goals, petitioner was entitled to documents that were relevant to his defense (*see*, *Matter of Cowart v Coughlin*, 193 AD2d 887, 888). The Hearing Officer made such a finding in this case and our examination of the requested documents, which were submitted for in camera review, establishes that the Hearing Officer's refusal to provide the requested documents was based on legitimate institutional safety considerations (*see*, *Matter of Bostic v Coughlin*, 216

AD2d 766, 767-768). It is also apparent that meaningful redaction was not possible (*see, Matter of Abdur-Raheem v Mann, supra,* at 123). In any event, the requested documents contain no evidence exonerating petitioner of his guilt (*see, Matter of Hodges v Murphy,* 246 AD2d 701).

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.