■ In the Matter of SHAWN GREEN, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [764 NYS2d 287] —Appeal from a judgment of the Supreme Court (Berke, J.), entered April 24, 2002 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit creating a disturbance, harassment, refusing a direct order, making threats and a movement regulation violation. The charges stem from an incident at the Elmira Correctional Facility in Chemung County where petitioner refused a direct order to stop talking while waiting in line with 50 other inmates and, when ordered to lock in his cell, failed to disclose his cell location and threatened the correction officer involved in the incident. Petitioner commenced this CPLR article 78 proceeding after an unsuccessful administrative appeal. Supreme Court dismissed the petition and denied petitioner's subsequent motion for reargument. This appeal ensued.

Initially, we reject petitioner's assertion that the misbehavior report did not provide him with sufficient notice of the charges against him. Although the correction officer involved in the incident testified in greater detail than set forth in the misbehavior report, "there is no requirement that the misbehavior report 'itemize in evidentiary detail all aspects of the case' " (*Matter of La Bounty v Goord*, 245 AD2d 675, 676 [1997],

*lv denied* 91 NY2d 1002 [1998], quoting *Matter of Davis v Coughlin*, 200 AD2d 904, 905 [1994]). The misbehavior report adequately apprised petitioner of the charges against him resulting from his conduct and afforded him an opportunity to prepare a defense.

Next, we are unpersuaded by petitioner's contention that the extensions to conduct the hearing were improper. Petitioner was being held temporarily at Elmira Correctional Facility for a court appearance and was scheduled to be returned to Great Meadow Correctional Facility in Washington County shortly after the May 15, 2001 incident giving rise to the instant misbehavior report. Thereafter, the hearing was commenced within the time provided for in the extension. A second extension was requested and granted in order to secure the testimony of petitioner's witnesses. Notwithstanding petitioner's assertion to the contrary, there is no evidence of any prejudice to petitioner in seeking and obtaining valid extensions or holding the hearing at a correctional facility other than where the incident occurred (*see Matter of Torres v Goord*, 264 AD2d 871 [1999]; *Matter of Llull v Coombe*, 238 AD2d 761 [1997], *lv denied* 90 NY2d 804 [1997]). Petitioner's remaining contentions, including his claim of hearing officer bias, have been reviewed and found to be without merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.