Carpinello, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Following a visit, petitioner, a prison inmate, was placed in an observation cell because correction officers suspected that he possessed contraband. During a subsequent search of the cell, correction officers found a cell phone battery. Thereafter, petitioner was charged in a misbehavior report with possession of contraband and smuggling. He was found guilty of both charges following a tier III disciplinary hearing. The penalty was modified upon administrative appeal. Petitioner then commenced the instant CPLR article 78 proceeding challenging the determination of guilt.
Initially, petitioner contends that the misbehavior report did not contain the specificity required by 7 NYCRR 251-3.1 (c). This regulation, however, “does not require that the report itemize in evidentiary detail all aspects of the case” (Matter of Torres v Goord, 261 AD2d 759, 759 [1999]). “Rather, it suffices to identify the date, time and place of the offense, the specific rule violation and the factual basis for the charge with sufficient particularity to enable the inmate to prepare a defense” (Matter of Couch v Goord, 255 AD2d 720, 721 [1998] [citations omitted]; see Matter of Torres v Goord, supra at 759). Here, the *668 report stated that the observation cell was searched before petitioner was placed in it, at which time no contraband was found. Two days later, the cell phone battery was found and taken to the contraband room. The report also set forth the particular rule violations charged. In our view, this was sufficient to comply with the regulatory requirements.
Furthermore, we find no merit to petitioner’s claims that the Hearing Officer refused to consider his objections and deprived him of a fair hearing. The transcript of the hearing reveals that the Hearing Officer acknowledged petitioner’s objection to omissions in the logbook. Notwithstanding such omissions, the Hearing Officer concluded that there was sufficient evidence to find petitioner guilty of the charges. We agree. “The record . . . discloses that the hearing was conducted in a fair and impartial manner, with no indication that its outcome flowed from anything other than the substantial evidence of petitioner’s guilt” (Matter of Antonucci v David, 306 AD2d 654, 654 [2003] [citation omitted]). Therefore, we decline to disturb respondent’s determination.
Cardona, P.J., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.