In the Matter of ADRIAN HERNANDEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [779 NYS2d 678]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was observed by a correction officer fighting with another inmate and making stabbing motions toward the inmate's face and neck. After stopping the fight, the correction

---

officer recovered from the floor two broken pens which were held together by a rubber band. Petitioner was issued a misbehavior report for various charges and, at the ensuing disciplinary hearing, petitioner pleaded guilty to the charges of fighting and violent conduct and was found guilty of assault, possession of a weapon and possession of an altered item.* After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt.

We are unpersuaded by petitioner's contention that the misbehavior report was not sufficiently detailed to provide him with adequate notice of the charges against him. The misbehavior report, which is not required to set forth in evidentiary detail every aspect of the case, set forth the date, time and place of the incident and described the conduct leading to the charges (*see Matter of Sepe v Goord*, 1 AD3d 667, 667 [2003]; *Matter of Smith v Portuondo*, 309 AD2d 1028, 1028 [2003]; *Matter of Green v Goord*, 308 AD2d 618 [2003], *lv denied* 1 NY3d 505 [2003]). Furthermore, the unusual incident report and other supporting documentation received by petitioner provided additional details regarding the incident and basis for the charges.

Turning to the merits, the misbehavior report, unusual incident report and testimony at the hearing, including the testimony of the author of the misbehavior report who witnessed the incident, provide substantial evidence to support the determination of guilt (*see Matter of Marcial v Goord*, 2 AD3d 1243, 1244 [2003]; *Matter of Sanchez v Goord*, 300 AD2d 956 [2002]). To the extent that petitioner challenges the charges of possession of an altered item and possession of a weapon, while an unaltered pen is not considered contraband (*see Matter of Lamage v Selsky*, 304 AD2d 1004 [2003]), here, the unusual incident report indicates that the pens were both broken and rubberbanded together, establishing that the pens were changed from their original use and transformed in order to be used as a weapon (*see* 7 NYCRR 270.2 [B] [14] [i], [ii]; *see generally Matter of De Leon v Goord*, 290 AD2d 853 [2002]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner also was charged with, but found not guilty of, refusing a direct order.