■ In the Matter of Sergio Black, Appellant, v New York State Board of Parole, Respondent. [920 NYS2d 744]—

Appeal from a judgment of the Supreme Court (O'Connor, J.), entered September 20, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for medical parole release.

In 2005, petitioner was convicted of rape in the first degree and criminal sexual act in the first degree and was sentenced to concurrent terms of 10 years in prison.* While in prison, petitioner suffered a spinal cord injury that rendered him a quadriplegic. In October 2009, he made his first appearance before respondent seeking medical parole release. At the conclusion of the hearing, his request was denied and he was ordered held an additional 24 months. Petitioner filed an administrative appeal, and when he did not receive a response within four months, he commenced this CPLR article 78 proceeding. Thereafter, Supreme Court dismissed the petition, resulting in this appeal.

Initially, we note that petitioner has submitted medical documentation establishing that he suffers from a "significant and permanent non-terminal condition" that has "rendered [him] so physically or cognitively debilitated or incapacitated as to create a reasonable probability that he . . . does not present any danger to society" so as to be eligible for release on medical parole (Executive Law § 259-s [1] [a]). Nevertheless, we find no support for petitioner's claim that respondent abused its discretion in denying his request. When considering a request for medical parole release, respondent is required to take into account many of the same statutory factors that it must consider in reviewing a request for regular parole release (see Executive Law § 259-i [1] [a], [c] [A]; § 259-s [1] [b]). Here, respondent properly considered not only the serious nature of petitioner's crime, but also his extensive criminal history, prison disciplinary record, program accomplishments and postrelease plans (see Matter of Karlin v Alexander, 57 AD3d 1156, 1156-1157 [2008], lv denied 12 NY3d 704 [2009]; Matter of Brower v Alexander, 57 AD3d 1060, 1060 [2008], lv denied 12 NY3d 707 [2009]). It also explicitly referenced the sentencing minutes (compare Matter of Evans v Dennison, 75 AD3d 711, 712 [2010]). Contrary to

* Petitioner's rape conviction was subsequently reversed on appeal on procedural grounds (People v Black, 38 AD3d 1283 [2007], lv denied 8 NY3d 982 [2007]).

petitioner's claim, the record discloses that respondent further considered the medical limitations occasioned by petitioner's quadriplegic condition in denying his request (*see e.g. Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d 812, 813 [2001], *lv denied* 97 NY2d 607 [2001]). In view of the foregoing, we do not find that respondent's decision exhibits "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Ruiz v New York State Div. of Parole*, 70 AD3d 1162, 1163-1164 [2010]). Therefore, we decline to disturb its decision.

Mercure, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.