■ In the Matter of RICHARD SUNDAY IFILL, Appellant, v LESTER N. WRIGHT, as Chief Medical Officer of the Department of Corrections and Community Supervision, Respondent. [941 NYS2d 812]—

Spain, J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered March 3, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision denying petitioner's request to be certified for medical parole release.

Petitioner is currently serving a prison term of 23 years to life following his conviction of various crimes including robbery in the first degree. In January 2010, petitioner made his first appearance before the Board of Parole and his request for parole release was denied. Thereafter, in February 2010, a member

of the medical staff at the correctional facility at which petitioner was incarcerated sent a memorandum to the Commissioner of Corrections and Community Supervision recommending that petitioner be eligible for parole reconsideration based upon his medical condition. After reviewing petitioner's medical records, the Commissioner found that he did not meet the eligibility requirements and denied petitioner's request that he be referred to the Board for consideration of his eligibility for medical parole (*see* Executive Law § 259-r [2]; § 259-s [2]). Petitioner then commenced this CPLR article 78 proceeding and Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. Pursuant to Executive Law § 259-r (2) (b), an inmate may be certified to the Board for release on medical parole based on a terminal illness if it is determined that he or she "is suffering from such terminal condition, disease or syndrome and that the inmate is so debilitated or incapacitated as to create a reasonable probability that he or she is physically or cognitively incapable of presenting any danger to society." Additionally, pursuant to Executive Law § 259-s (2) (b), an inmate may be certified to the Board for release on medical parole based on a significant debilitating illness if it is determined that he or she "is suffering from such condition, disease or syndrome and that the inmate is so debilitated or incapacitated as to create a reasonable probability that he or she is physically or cognitively incapable of presenting any danger to society" (*see generally Matter of Black v New York State Bd. of Parole*, 83 AD3d 1341 [2011], *lv denied* 17 NY3d 708 [2011]). If an inmate has previously appeared before the Board, a request to the Commissioner for certification for medical parole release must further demonstrate that the inmate's medical condition has deteriorated since his or her last parole interview (*see* Department of Corrections and Community Supervision Directive No. 4044 [III] [A] [3]). With regard to such request, the decision by the Commissioner as to whether an inmate should be certified to the Board for his or her eligibility for medical parole release is discretionary and, as with parole decisions, it will not be disturbed where there is compliance with the statutory requirements (*see* Executive Law § 259-r [3]; § 259-s [3]; *compare* Executive Law § 259-i [5]).

Here, the record demonstrates that, in arriving at the decision that petitioner was not eligible to be certified for consideration for medical release, the Commissioner considered petitioner's medical reports from November 2009 and February 2010, as well as the Board's decision from January 2010 finding that there was no reasonable probability that petitioner could be at

liberty without again violating the law. As such, we cannot conclude that the Commissioner's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Black v New York State Bd. of Parole*, 83 AD3d at 1342, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

Mercure, J.P, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.