■ In the Matter of ANDRE GARFIELD, Appellant, v RANDY JAMES, as Superintendent of Livingston Correctional Faclity, Respondent. [947 NYS2d 349]—

A correction officer conducted a search of petitioner's cell and recovered a variety of items, some bearing the identification numbers of other inmates. As a result, petitioner was charged in a misbehavior report with possessing an altered item, engaging in an illegal exchange, possessing contraband, possessing stolen property, creating a safety hazard and tampering with an electrical device. At the conclusion of a tier II disciplinary hearing, he was found guilty of all charges. On administrative appeal, the determination was modified and the charge of possessing stolen property was dismissed, but the remainder of the determination was upheld. Petitioner commenced this CPLR article 78 proceeding challenging the determination and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

Petitioner's sole challenge is to the legality of the search of his cell and, more specifically, the failure of the misbehavior report to set forth the reasonable suspicion providing the basis for the search under directive No. 4910 (V) (B) (4). Supreme Court correctly found that there is no requirement that a description of the basis for the search be included in an inmate misbehavior report and, in our view, the misbehavior report here was otherwise sufficient in all respects (*see generally* 7 NYCRR 251-3.1 [c] [1]-[3]; *Matter of Quezada v Fischer*, 85 AD3d 1462, 1462 [2011]; *Matter of Sepe v Goord*, 1 AD3d 667, 667 [2003]). Accordingly, Supreme Court properly dismissed the petition.

Peters, P.J., Mercure, Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.