■ In the Matter of HAROLD MARSHALL, Petitioner, v BRIAN FISCHER, as Commissioner of the New York State Department of Correctional Services, Respondent. [958 NYS2d 800]—

Proceeding pursuant to CPLR article 78 to review a determination of Albert Prack, Director, Special Housing/Inmate Disciplinary Program, on behalf of Brian Fischer, as Commissioner of the New York State Department of Correctional Services, dated May 17, 2011, which affirmed a determination of a hearing officer dated March 10, 2011, made after a tier III disciplinary hearing, that the petitioner was guilty of violating prison disciplinary rule 113.24 (7 NYCRR 270.2 [B] [14] [xiv]).

Adjudged that the petition is granted, without costs or disbursements, the determination is annulled, the respondent is directed to expunge all references to the determination from the petitioner's institutional record, and the matter is remitted to the respondent for further proceedings in accordance herewith, if the respondent be so advised.

The petitioner, an inmate at the Green Haven Correctional Facility, was charged with violating a prison disciplinary rule which prohibits using a controlled substance (*see* 7 NYCRR 270.2 [B] [14] [xiv]). After a hearing at which the results of a urinalysis test were admitted (*see* 7 NYCRR 1020.5), the hearing officer found the petitioner guilty and imposed sanctions. That determination was affirmed on an administrative appeal, and the petitioner commenced this proceeding, which has been transferred to this Court by the Supreme Court, Dutchess County (*see* CPLR 7804 [g]).

"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (*Matter of Adamson v Barto*, 37 AD3d 597, 598 [2007]; *see* CPLR 7803 [4]; *Matter of Farooq v Fischer*, 99 AD3d 709, 711 [2012]; *Matter of Vaughn v Orlando*, 79 AD3d 1048, 1049 [2010]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "[S]ubstantial evidence 'is less than a preponderance of the evidence' and, as a burden of proof, it demands only that 'a given inference is reasonable and plausible, not necessarily the most probable' " (*Matter of Miller v DeBuono*, 90 NY2d 783, 793 [1997] [citations omitted]). Here, the evidence at the hearing, including, among other things, the hearing testimony, the results of the urinalysis test, and the request for urinalysis test, provided substantial evidence that the petitioner was guilty of violating the charged prison

disciplinary rule (*see Matter of Martinez v Selsky*, 53 AD3d 989 [2008]; *Matter of Mendez v Selsky*, 255 AD2d 858, 858 [1998]; *Matter of Gatson v Selsky*, 220 AD2d 906, 907 [1995]; *Matter of McGill v Coughlin*, 182 AD2d 1103, 1103 [1992]; *Matter of Newman v Coughlin*, 110 AD2d 981, 983 [1985]). The request for urinalysis test form demonstrated the proper chain of custody (*see* 7 NYCRR 1020.4 [f]; *Quartieri v Goord*, 251 AD2d 849, 850 [1998]; *Matter of Gatson v Selsky*, 220 AD2d at 907; *Matter of McGill v Coughlin*, 182 AD2d at 1103-1104).

The determination must be annulled, however, because the petitioner was improperly deprived of his right to certain relevant documentary evidence, specifically, the instructions for operation of the testing machine. A prison inmate facing a disciplinary hearing is not entitled to the same level of due process as a criminal defendant (*see Wolff v McDonnell*, 418 US 539, 555-557 [1974]; *Matter of Stallone v Fischer*, 67 AD3d 125, 128 [2009]), but there are minimum standards. A hearing officer's denial of a request for a relevant document without an adequate reason requires annulment of the determination (*see Matter of Cowart v Coughlin*, 193 AD2d 887, 888 [1993]). Here, as the petitioner contends, absent an adequate justification for the denial of his request (*see Matter of Torres v Goord*, 261 AD2d 759, 759-760 [1999]; *Matter of Cowart v Coughlin*, 193 AD2d at 888; *cf. Matter of Gonzalez v Selsky*, 23 AD3d 724, 725 [2005]), he was entitled to the instructions for the operation of the machine in order to determine if the officer who tested his urine specimen complied with the regulation requiring that she "precisely follow procedures recommended by the manufacturer for the operation of the testing apparatus" (7 NYCRR 1020.4 [f] [1] [iii]). Consequently, the petition must be granted, the determination annulled, all references to the violation expunged from the petitioner's institutional record, and the matter remitted to the respondent for further proceedings consistent herewith, if the respondent be so advised (*see Matter of Cowart v Coughlin*, 193 AD2d at 888).

The parties' remaining contentions are without merit, are not properly before us, or need not be reached in light of our determination. Balkin, J.P., Hall, Austin and Cohen, JJ., concur.