■ In the Matter of CHRISTOPHER SIMMONS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [963 NYS2d 609]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Inside petitioner's cell, a correction officer found a clear plastic bag containing a green leafy substance wrapped inside a handkerchief located in the lower right pocket of a state-issued winter jacket. The substance later tested positive for marihuana. As a result, petitioner was charged in a misbehavior report with possessing a controlled substance. He was found guilty of the

charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner contends that his due process rights were violated because the misbehavior report failed to comply with the particularity requirements of 7 NYCRR 251-3.1 (c). This regulation provides that a misbehavior report must set forth "the date, time and place of the offense, . . . the disciplinary rule alleged to have been violated and . . . the factual basis for the charge with enough particularity to enable the inmate to prepare a defense" (*Matter of Torres v Goord*, 261 AD2d 759, 759 [1999]; *see Matter of Sepe v Goord*, 1 AD3d 667, 667 [2003]; 7 NYCRR 251-3.1 [c]). Here, the misbehavior report, which was prepared by the correction officer who tested the substance, simply stated that a substance given to him by another correction officer tested positive for marihuana. Significantly, it did not indicate that the officer who gave him the substance obtained it from petitioner's cell nor did it provide any details as to exactly where the substance was found. To add to the confusion, the report listed the location of the incident as the "chart office." Under these circumstances, we find that the misbehavior report failed to provide petitioner with adequate notice of the charge to enable him to prepare a defense (*see e.g. Matter of Howard v Coughlin*, 190 AD2d 1090, 1091 [1993]). As this deficiency violated petitioner's due process rights, the determination must be annulled and all references thereto expunged from his institutional record (*see e.g. Matter of Hakeem v Coombe*, 233 AD2d 805, 806 [1996]).

Peters, P.J., Stein, Spain and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references thereto from petitioner's institutional record.