Matter of McDonnell v Annucci (2020 NY Slip Op 07649)





Matter of McDonnell v Annucci


2020 NY Slip Op 07649


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

530712

[*1]In the Matter of Theresa McDonnell, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: November 19, 2020

Before: Garry, P.J., Egan Jr., Aarons and Pritzker, JJ.


Theresa McDonnell, Bedford Hills, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Aarons, J.
Appeal from a judgment of the Supreme Court (Weinstein, J.), entered December 20, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Chief Medical Officer of the Department of Corrections and Community Supervision denying petitioner's request to be certified for medical parole release.
Petitioner was sentenced to 9½ to 19 years in prison following her conviction of various crimes, including grand larceny in the second degree. In May 2019, the facility medical director where petitioner is housed sent a memorandum to respondent John Morley, the Chief Medical Officer for the Department of Corrections and Community Supervision, recommending that petitioner be certified to the Board of Parole for consideration for medical parole release (see Executive Law §§ 259-r [2]; 259-s [2]). After reviewing petitioner's medical records, Morley determined that she did not meet the eligibility requirements and denied certification (see Executive Law §§ 259-r [2]; 259-s [2]). Petitioner commenced this CPLR article 78 proceeding challenging that determination, and Supreme Court dismissed the proceeding and denied petitioner's subsequent motion to reargue and renew. Petitioner appeals from the judgment dismissing the petition.[FN1]
We affirm. An inmate may be certified to the Board for medical parole based upon a terminal illness if it is determined by the Commissioner of Corrections and Community Supervision or his or her designee that the inmate "is suffering from such terminal condition, disease or syndrome and that the inmate is so debilitated or incapacitated as to create a reasonable probability that he or she is physically or cognitively incapable of presenting any danger to society" (Executive Law § 259-r [2] [b]). Similarly, an inmate may be certified to the Board for release on medical parole based upon a significant debilitating illness if it is determined that the inmate "is suffering from such condition, disease or syndrome and that the inmate is so debilitated or incapacitated as to create a reasonable probability that he or she is physically or cognitively incapable of presenting any danger to society" (Executive Law § 259-s [2] [b]). "[T]he decision by the Commissioner [or his or her designee] as to whether an inmate should be certified to the Board for his or her eligibility for medical parole release is discretionary and, as with parole decisions, it will not be disturbed where there is compliance with the statutory requirements" (Matter of Ifill v Wright, 94 AD3d 1259, 1260 [2012]; see Executive Law §§ 259-r [3]; 259-s [3]).
The record demonstrates that Morley determined that petitioner was not eligible to be certified to the Board for medical parole release consideration after reviewing petitioner's medical records. As the record reflects that the statutory requirements were met, "we cannot conclude that [Morley's] decision exhibits 'irrationality [*2]bordering on impropriety'" (Matter of Ifill v Wright, 94 AD3d at 1260, quoting Matter of Black v New York State Bd. of Parole, 83 AD3d 1341, 1342 [2011], lv denied 17 NY3d 708 [2011]). Finally, petitioner's contention that the Department of Corrections and Community Supervision is unable to provide her with adequate medical care is more properly the subject of an inmate grievance (see 7 NYCRR part 701; see e.g. Matter of Davis v Coughlin, 200 AD2d 904, 905 [1994]).
Garry, P.J., Egan Jr. and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: As the record does not disclose that petitioner filed a notice of appeal from the denial of her motion to renew, any challenges she now makes with respect thereto are not properly before this Court (see Matter of Adams v Annucci, 175 AD3d 1687, 1688 [2019]).