Matter of Williams v Panzarella (2024 NY Slip Op 02118)

Matter of Williams v Panzarella

2024 NY Slip Op 02118

Decided on April 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 18, 2024

CV-23-0982
[*1]In the Matter of Jaerue Williams, Petitioner,
v
Captain M. Panzarella et al., Respondents.

Calendar Date:March 22, 2024

Before:Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ.

Jaerue Williams, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with engaging in a sexual act and engaging in lewd conduct based upon conduct observed in a video taken in the facility's enhanced visiting room. Following a tier II disciplinary hearing, petitioner was found guilty as charged. This determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
Petitioner contends, among other things, that he was denied due process because the facility review officer that reviewed his misbehavior report (see 7 NYCRR 251-2.2) also decided petitioner's administrative appeal of the guilty determination as the facility superintendent's designee (see 7 NYCRR 253.8). Under the circumstances presented here, we agree. Generally, the facility review officer is charged with reviewing each misbehavior report issued and, considering the seriousness of the alleged violations in the report, determining the appropriate tier level classification (see 7 NYCRR 251-2.2, 270.3; Matter of Credell v Hurt, 167 AD3d 1113, 1114 [3d Dept 2018], lv denied 32 NY3d 919 [2019]). Here, petitioner, both during the hearing and in his administrative appeal, challenged certain actions taken by the facility review officer concerning his review of the misbehavior report. Moreover, in reviewing the misbehavior report, the facility review officer viewed the video that was to be presented as evidence of guilt at the hearing. Based upon his viewing of the video, the facility review officer informed petitioner in a memorandum prepared prior to the disciplinary hearing that the video shows "you and your visitor acting in an unacceptable manner in the visit room." The review officer further states "that the video does not show your penis being exposed as stated in the [misbehavior] report that's why I downgraded the tiering, . . . it does clearly show your visitor with her right hand between your legs in the groin area and her hand moving in a stroking motion." In light of the fact that certain challenges to the review officer's actions were raised by petitioner in his administrative appeal, as well as the facility review officer's expressed predeterminations regarding petitioner's guilt, we conclude that his serving as the superintendent's designee to decide the appeal denied petitioner a fair and impartial administrative appeal. Accordingly, the determination must be annulled, and all references thereto expunged from petitioner's institutional record (see generally Matter of Simmons v Fischer, 105 AD3d 1288, 1289 [3d Dept 2013]). In view of the foregoing, petitioner's remaining claims are academic.
Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent Superintendent of Shawangunk Correctional Facility is directed to expunge all references to this matter from petitioner's institutional record.