Matter of Garcia v Miller (2025 NY Slip Op 02343)

Matter of Garcia v Miller

2025 NY Slip Op 02343

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-08381
 (Index No. 263/23)

[*1]In the Matter of Victor Garcia, petitioner,
v
Mark Miller, etc., respondent.

Victor Garcia, Stormville, NY, petitioner pro se.
Letitia James, New York, NY (Judith N. Vale and Stephen J. Yanni of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a designee of the Superintendent of the Green Haven Correctional Facility dated December 29, 2022, affirming a determination of a hearing officer dated December 23, 2022, which, after a tier II disciplinary hearing, found the petitioner guilty of violating Institutional Rules of Conduct Rule 113.24 (7 NYCRR 270.2[B][14][xiv]), and imposing penalties.
ADJUDGED that the determination dated December 29, 2022, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner, an incarcerated individual at the Green Haven Correctional Facility, was charged with violating Institutional Rules of Conduct Rule 113.24 (hereinafter the disciplinary rule), a prison disciplinary rule that prohibits the use of controlled substances (see 7 NYCRR 270.2[B][14][xiv]). After a tier II disciplinary hearing at which the results of two urinalysis tests were admitted (see 7 NYCRR 1020.5), a hearing officer found the petitioner guilty of violating the disciplinary rule. The petitioner appealed to the respondent, Mark Miller, the Superintendent of Green Haven Correctional Facility, whose designee affirmed the hearing officer's determination and imposed penalties. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondent's designee's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (Matter of Lightfoot v Morton, 175 AD3d 1533, 1533-1534 [internal quotation marks omitted]; see Matter of Jackson v Annucci, 149 AD3d 1077, 1078; Matter of Marshall v Fischer, 103 AD3d 726, 727). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Lightfoot v Morton, 175 AD3d at 1534 [internal quotation marks omitted]).
Here, the two positive urinalysis tests results and drug testing forms, together with the hearing testimony, provided substantial evidence that the petitioner was guilty of violating the disciplinary rule (see id.; Matter of Callender v Prack, 128 AD3d 693, 694; Matter of Marshall v [*2]Fischer, 103 AD3d at 727-728).
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court